### JACOBS v. THE MUTUAL INS. CO.

1. OPINION—CONSTRUCTION OF.—The trial Judge misconstrued the former opinion in this case, in that he held that this Court had decided that the interest of the husband in the insured property should be shown by the deed, and in not holding that this Court had decided that he had an insurable interest in the land.
2. EVIDENCE—PAROL.—In this case, no fraud being alleged, it was proper not to permit plaintiff to establish by parol his alleged interest in the insured property, his deed to his wife being the best evidence of what interest remained in him.

Before TOWNSEND, J., Greenville, April, 1899. Affirmed.

Action on insurance policy by W. H. Jacobs against the Mutual Insurance Company of Greenville, S. C. From order of nonsuit plaintiff appeals.

*Messrs. Haynsworth, Parker & Patterson, J. C. Jeffries* and *Adam C. Welborn,* for appellant, cite : *Where one secures a conveyance to be made to himself through a verbal promise to hold the land in trust for the grantor or another, and after the conveyance has been made declines to be bound by the promise, equity will enforce the trust:* 2 Rich. Eq., 423; 1 H. & J., 430; 17 A. D., 338; 48 S. C., 195; 56 N. Y., 354. *Where two parties enter into an oral contract for the sale or lease of lands, and where possession is taken or retained in pursuance of such contract, and improvements or repairs are made, and where money is paid under it, this will be suf-*

ficient to take the contract from under the statute of frauds
and confer the right to specific performance: 21 S. C., 430;
2 Story Eq., 763; 29 S. C., 72.   *Jacobs' interest was insur-
able in defendant company:* 48 S. C., 191; 23 A. R., 309; 77
N. Y., 605; 79 A. D., 673; 107 U. S., 485; 55 S. C., 589; 24
S. C., 592; Rich. Eq. Cases, 162; 56 N. Y., 354.

*Messrs. McCullough & Martin* and *J. P. Carey,* contra,
cite: *Upon the allegation that plaintiff had conveyed the
land and house to his wife, the presumption arises that such
deed carried the fee:* 26 S. C., 160.   *And hence plaintiff had
no insurable interest:* 32 Mo. App., 302; 38 Mich., 548; 22
A. R., 245; 17 A. R., 303; 120 Ind., 554; 42 Ia., 11; 20 A.
R., 451; 21 Stat., 1128; 12 S. C., 175; 45 S. C., 252.
*Policy being void no waiver:* 55 S. C., 592.

March 14, 1900.   The opinion of the Court was de-
livered by

MR. JUSTICE GARY.   This is the second appeal herein.
The first question raised by the exceptions is whether his
Honor erred in construing the former opinion in this case.
The Circuit Judge ruled that the Supreme Court had de-
cided that the rights of W. H. Jacobs in the land were con-
tained in the deed to his wife.   By reference to the former
decision, 52 S. C., 110, it will be seen that the appeal
was from a demurrer to the complaint, the second
paragraph of which was as follows: "That W. H.
Jacobs, about ten years ago, being the owner in fee of the
dwelling house hereinafter described and the land on which
it was situate, conveyed the same to his coplaintiff, M. J.
Jacobs, who is his wife.   That the said conveyance was for
the purpose of providing for her, and was upon the further
agreement and trust that the said W. H. Jacobs should,
during coverture, be allowed the possession and use of the
said premises free of charge, and that she would reconvey
to him upon his request, he agreeing to pay all taxes and
insurance thereon, and to make all necessary repairs and

improvements, which agreement has, subsequent to said conveyance, been reaffirmed between the plaintiffs. That accordingly the said W. H. Jacobs has ever since the said conveyance, and up to the time of the fire hereinafter referred to, occupied and used the dwelling house as a home for himself and family, and has cultivated and used the lands connected therewith as a farm free of all charges, except that he has paid all taxes and insurance thereon, and that subsequent to said conveyance and in pursuance of said agreement, he made valuable improvements and repairs on said dwelling house and paid for the same." In construing the allegations of this paragraph the Supreme Court used this language: "The first question which we will consider is, whether W. H. Jacobs was the owner of the property to the extent of having an insurable interest therein * * * The allegations of this paragraph show: 1st. That W. H. Jacobs conveyed the land, with the buildings thereon, to his wife, M. J. Jacobs. 2d. That the conveyance was made by Jacobs to his wife for the purpose of providing for her, the said W. H. Jacobs agreeing to pay all taxes and insurance thereon, which imports that the conveyance was made in consideration of love and affection for his wife. 3d. The said W. H. Jacobs was to have the possession and use of said premises free of charge, during coverture; which was, in effect, a reservation by him of an estate in the premises during the joint lives of himself and wife—in other words, he reserved a life estate in the property, as long as he and his wife lived. 4th. That he had the possession and use of said property, paid the taxes and insurance, and made valuable improvements and repairs on said dwelling house. 5th. That his wife agreed to reconvey to him upon his request * * * From the foregoing authorities we see that W. H. Jacobs had a life estate in the premises, that it was property and liable to the claims of his creditors just as any other property he might have. This, then, was such property as the defendant had the power to insure * * * The beneficial interest of W. H. Jacobs was, however, not made greater

by the alleged agreement, that his wife was to reconvey to him upon request * * * The alleged agreement to reconvey.upon request, was against public policy, in restraint of alienation, repugnant to the other provisions of the deed, and, therefore, null and void." The words, "repugnant to the other provisions of the *deed,*" were used with reference to the allegation that the wife agreed to reconvey said property upon plaintiff's request, and were not intended to decide that the deed contained the interest of W. H. Jacobs in the land. It will thus be seen that the question as to the admissibility of testimony, or the mode by which W. H. Jacobs was to establish his interest in the land, was not before the Court. If, however, the Circuit Judge was correct in this construction, he was in error in granting the nonsuit by not giving effect to the other part of the decision, which held that W. H. Jacobs had an insurable interest in the land. Although the presiding Judge erred in construing the decision of the Supreme Court, the error was harmless in view of the conclusion reached by this Court in considering the other exceptions.

The practical question raised by the exceptions is whether the Circuit Judge committed error in refusing to allow the appellant to introduce parol testimony to establish his alleged interest in the land. The admissibility of this evidence must be determined by keeping in view the *allegations of the complaint.* No fraud is alleged. The complaint does not allege such facts as show that the statute of frauds is involved, and, as in *Carter* v. *Brown,* 3 S. C., 298, and cases therein discussed, that although the agreement, at its inception, may have been within the statute, the retention of benefits by one party to the agreement would raise an implied promise to make compensation for them, and that resort might be had to the original agreement for the purpose of determining the kind of compensation contemplated by the parties. Nor are the allegations such as bring the case within the principle announced in *Kinard* v. *Hiers,* 3 Rich. Eq., 423, and *Lee* v.

36—56

*Lee,* 11 Rich. Eq., 574, where it would be fraud to allow the person to whom the deed was made for certain purposes to set up the plea that the agreement was within the statute of frauds. The allegations show that W. H. Jacobs simply attempted to reserve an interest in the land inconsistent with his deed. It must also be remembered that the deed was to his wife, which fact would incline the Courts to regard the deed as absolute rather than burdened with conditions. The case, therefore, comes within the rule that parol testimony is inadmissible to vary or contradict the provisions of a written instrument. All prior contemporaneous agreements are merged in the written instrument. The deed being the best evidence, should have been produced, and there was no error in rejecting parol evidence as to the agreement of the parties. The exceptions raising this question are overruled.

It is the judgment of this Court, that the order of the Circuit Court be affirmed.

MR. CHIEF JUSTICE McIVER *concurs in result.*