### 6752

### COWARD v. BOYD.

1. EVIDENCE—PLEADINGS.—STATUTE OF FRAUDS must be pleaded to give the right to object to evidence because obnoxious to the statute.
2. IBID.—PAROL—TIMBER.—Reservation of standing timber on land conveyed by fee simple deed can not be shown by parol.

Before KLUGH, J., Aiken, June, 1906.    Affirmed.

Action by M. M. Coward, T. F. Coward and C. E. Hollman against Colonel Dantzler Boyd.   The Circuit decree is as follows:

"The plaintiffs, M. M. Coward and T. F. Coward, on May 27, 1905, sold and conveyed to the defendant, C. D. Boyd, a tract of sixty-one acres of land in said county.   The deed of conveyance is in the usual form, purporting to convey the fee simple in said land, is free from ambiguity and covers definitely and certainly said tract of land, and no reservation or exception of timber appears on the face of it.

"On September 13, 1905, the same plaintiffs conveyed to the defendant a second tract of land containing twelve acres.    In the deed of conveyance of said tract is the following clause: 'But the said T. F. and M. M. Coward do hereby expressly reserve from this conveyance all the available saw pine timber growing and being on the above described tract of land.'

"On April 20, 1906, M. M. Coward and T. F. Coward, by a written instrument, sold to C. E. Hollman all the pine trees on said two tracts of land, containing seventy-three acres, together with the right of ingress and egress over said land, to cut and haul the timber therefrom, the said contract to terminate on September 1, 1907.

"Thereafter, C. E. Hollman attempted to enter upon said land for the purpose of cutting and removing the pine timber therefrom, but was forbidden to do so by C. D. Boyd, who claimed to be the owner of all of said timber.

"The plaintiffs M. M. Coward, T. F. Coward and C. E. Hollman then brought this action, setting forth the facts above recited in their complaint, and, alleging further, that at the time of the conveyance of the tract of sixty-one acres aforesaid, the said M. M. Coward and T. F. Coward made a verbal reservation or exception from said conveyance of the saw pine timber thereon, to which C. D. Boyd agreed, and that by virtue thereof and the written reservation in the conveyance of the tract of twelve acres aforesaid and the aforesaid sale in writing of said timber to C. E. Hollman, he is now owner of said timber and entitled to cut and remove the same from said land, and they pray for an injunction restraining the defendant from interfering with the plaintiffs, their agents and servants, in cutting and removing said timber from said land.

"The defendant in his answer denies that there was any reservation or exception from the conveyance of the sixty-one acres of the timber thereon and alleges, with reference to the reservation of the timber on the twelve acres, that it was verbally stipulated and agreed that said timber should be cut and removed by January 1, 1906; that said timber was not cut and removed within the time stipulated and that no one, other than the defendant, now has any right to cut and remove any timber from said land.

"For the purpose of the hearing of the cause, the counsel for plaintiffs and defendant entered into a written agreement that certain facts are established by the evidence, and amongs other things agreed upon was the statement that 'at the reference the plaintiff offered only parol evidence to prove the oral agreement set up in the complaint as to the timber on the sixty-one acre tract, all of which evidence was duly and seasonably objected to by defendant's counsel on the ground that such evidence was inadmissible because same varied, contradicted and altered the terms of the deed, which said deed had already been admitted in evidence by both plaintiffs and defendant; it is admitted by defendant's counsel that if the parol evidence offered is admissible that

the plaintiffs have established by the preponderance of the
evidence the parol agreement which they set up in reference
to the sixty-one acre tract.   This agreement not to prejudice
the right of either party to set up any plea arising in law,
statutory or otherwise, and in equity, applicable to this case.'

"Accordingly, among other defenses in the argument,
the defendant sets up the Statute of Frauds.   To this the
plaintiffs make several objections.   First of all, they argue
that the alleged reservation was in effect a sale of the timber,
and must be governed by the principles applicable to a sale;
that it being contemplated that the timber was to be speedily
removed from the land, it was personalty and not realty,
and, therefore, the statute does not apply.   It appears that
the timber has been sold by the plaintiffs for $75.00, which
may be taken as its value; and if it be conceded that it is
personalty and that its reservation is to be regarded as a sale,
it is a sale of goods over the value of $50.00, which brings
it within the provisions of the 17th section of the statute.
So it is immaterial in this regard whether it be personalty
or realty; for if the provisions of the statute apply to one,
they will apply to the other also.   It is further objected by
the plaintiffs that the Statute of Frauds has not been pleaded
and that the defendant can not, therefore, have the benefit
of it.   This, I take it, is the rule in this State since the case
of *Suber* v. *Richards*, 61 S. C.   That case I take to be au-
thoritative, although the opinion was that of but two of the
justices, one of the others dissenting and the other taking no
part in the decision.

"The defendant's counsel furthermore argued that the
complaint, since it states that the reservation of the pine
timber on the sixty-one acre tract was a verbal contract, is
demurrable.   But the plaintiffs' counsel replied to this that
notice and grounds of the demurrer had not been served five
days before, in accordance with the requirements of the Act
of 1903, and that, therefore, the objection must be taken or
be waived, and this, I think, is conclusive of the position.

"The defendant objected to all evidence of the reservation or exception of the timber on the sixty-one acre tract, because it was parol and was offered for the purpose of varying, contradicting and altering the terms of the deed. This objection, I think, must be sustained and all such evidence rejected. This leaves the allegations of the complaint, with reference to the timber on the sixty-one acre tract, unsupported by any evidence, and the plaintiffs to that extent must fail.

"The reservation of the timber on the twelve-acre tract is a stipulation written in the deed of conveyance of said tract. The contention of the defendant that it was agreed that said timber should be cut and removed by January 1, 1906, is not supported by the evidence. Said timber is the property of the plaintiffs and they have the right, as an incident to their ownership, to enter upon said premises and cut and remove said timber therefrom within a reasonable time, without molestation by the defendant, and such incident of ownership passes with the sale of said timber. I find that six months is reasonable time within which to cut and remove the timber from the twelve-acre tract of land.

"It is, therefore, ordered and adjudged:

I. "That so much of the complaint as asserts claim to the timber on the sixty-one-acre tract of land be, and the same is hereby, dismissed.

II. "That the plaintiffs or their assigns have the right, within six months after the final determination of this action, to enter upon the twelve-acre tract of land described in the complaint, and to cut and remove therefrom all the available saw pine timber growing and being on said tract of land, and that the defendant be, and he hereby is, enjoined and restrained from interfering in any manner or by any means with said parties, their servants and agents, while in the exercise of said right.

III. "That the plaintiffs pay five-sixths (5-6) of the costs

of this action, and the defendant pay one-sixth (1-6) of said costs, to be taxed by the clerk of this Court."

From this decree plaintiffs appeal.

*Mr. J. B. Salley,* for appellants, cites: *Allegation that contract of reservation was oral not having been stricken out, evidence in support of it should have been admitted:* Sec. 181 of Code; Pom. on Rem., Sec. 552; 60 S. C., 209, 390; 61 S. C., 336; 72 S. C., 372; 63 S. C., 570. *Evidence to show parol reservation was to support an independent contract and not to vary the deed:* 61 S. C., 168; 40 S. C., 145; 20 S. C., 578; 41 S. C., 163; 61 S. C., 168; 65 S. C., 139; 72 S. C., 37. *Statute of Frauds should not be used to defeat an equity:* 48 S. C., 91; 29 Ency., 845; 63 S. C., 558; 57 S. C., 559; 77 S. C., 259. *Growing timber is realty:* 12 Rich., 176, 316; 11 Rich., 623; 77 S. C., 259. *Under the circumstances here this timber should be regarded as personalty:* 28 Ency., 541; 29 Ency., 894.

*Messrs. G. L. Toole* and *H. T. Rice,* contra, cite: *Parol evidence as to reservation of timber was objectionable as varying the deed:* 69 S. C., 93; 27 S. C., 380; Starkie on Evidence, 648; 56 S. C., 558.

February 19, 1908. The opinion of the Court was delivered by

MR. JUSTICE GARY. The facts of this case are fully stated in the decree of his Honor, the Circuit Judge.

There are practically but two questions presented by the exceptions:

*First.* Was there error in the ruling, that it was necessary to plead the Statute of Frauds in order to object to testimony offered to sustain the allegations set out in the complaint? The case of *Suber* v. *Richards,* 61 S. C., 393, 39 S. E., 540, cited by the Circuit Judge, sustains his ruling.

*Second.* Was there error in ruling that parol testimony was inadmissible to prove that the timber was reserved? The ruling of the Circuit Judge is sustained by the case of *Lumber Co.* v. *Evans,* 69 S. C., 93, 48 S. E., 108.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.