20022

W. N. LESLIE, INC., Respondent, v. The TRAVELERS INSURANCE COMPANY, a successor to the Phoenix Insurance Company, Appellant.

(215 S. E. (2d) 448)

410

*Messrs. Love, Thornton, Arnold & Thomason,* of Greenville, *for Respondent,* cite:

*Messrs. Haynsworth, Perry, Bryant, Marion & Johnstone,* of Greenville, *for Appellant,*

*Messrs. Haynsworth, Perry, Bryant, Marion & John-stone,* of Greenville, *for Appellant,* in Reply.

May 29, 1975.

BUSSEY, Justice:

This is an action on a liability insurance contract issued by The Phoenix Insurance Company to W. N. Leslie, Inc., the appellant Travelers Insurance Company being a successor in interest to Phoenix, and having assumed the liability of that company under the policy issued to Leslie. The said W. N. Leslie, Inc., is a family corporation, Mr. W. N. Leslie being the principal stockholder thereof, which corporation is hereafter referred to simply as Leslie. Leslie was engaged in business as a speculative builder-vendor of residences in Greenville County, and during the policy period constructed and sold to Mr. and Mrs. Wyatt W. McDaniel a house located in Oakwood Acres in Taylors, South Carolina. A written contract was entered into on January 17, 1967, a deed to the property delivered on January 19th and the McDaniels moved into the house on January 24, 1967. Two days later Mrs. McDaniel, while descending from the attic upon a disappearing stairway, was seriously injured

when such stairway fell. The upper end of such stairway had simply been jammed into the frame of the stairwell without being affixed thereto by any bolt, nail, or screw.

Over a period of several years Leslie paid Mrs. Mc-Daniel's medical bills to the extent of $15,542.79 and in December, 1972 paid an additional $10,000.00 in settlement of the claims for Mrs. McDaniel's injuries, making a total payment by Leslie of $25,542.79. The appellant, Travelers, was kept advised of the developments and concedes that the amount paid by Leslie for Mrs. McDaniel's injuries was reasonable. Travelers, however, denied that it afforded any coverage to Leslie under the terms of the policy, and Leslie in this action seeks to recover from Travelers the amount paid out by Leslie.

The case was tried before the Honorable E. Harry Agnew and a jury in November, 1973, and resulted in a jury verdict for Leslie for the total amount paid out by it, plus interest and costs. Travelers appeals from the denial of its motion for judgment n. o. v. or in the alternative for a new trial.

The parties concede that the policy afforded Leslie coverage until, but only until, the operations of the insured in the construction of the residence were completed, within the meaning and intent of the policy, after which no coverage was afforded since the insured had acquired no coverage under the Completed Operations part of the policy. Pertinent language of the policy was to the effect that operations were deemed completed at the earliest of the following times:

"(1) When all operations to be performed by or on behalf of the named insured under the contract have been completed;

"(2) When all operations to be performed by or on behalf of the named insured at the site of the operations have been completed;

"(3) When the portion of the work out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as part of the same project.

"Operations which may require further service or maintenance work or corrections, repair or replacement because of any defects or deficiency but which are otherwise completed shall be deemed completed."

Under the policy definitions it is provided, *inter alia,* that the Completed Operations Hazard does not include damage or injury arising out of, "(b) the existence of tools, uninstalled equipment or abandoned or unused materials,".

The primary contention of the appellant, Travelers, is that the insured's operations were completed within the intent and meaning of the policy and coverage accordingly terminated prior to the injury to Mrs. McDaniel. Its contention that it was entitled to a judgment n. o. v. on this ground has to be considered in the light of two elementary principles of law. The policy must, of course, be liberally construed in favor of the insured, with any ambiguity therein being resolved in favor of coverage. And, the evidence and all of the inferences reasonably deducible therefrom must be viewed in the light most favorable to the plaintiff-respondent. The circumstances that caused Mrs. McDaniel's injury have already been mentioned. The evidence shows that when the McDaniels purchased the residence from Leslie all parties knew that the residence had not been entirely completed and that further work remained to be done after the McDaniels moved in, which work Leslie agreed to perform, such promise on his part forming a part of the consideration for the sale. Not only did the parties to the contract, when the residence was sold, realize that the insured's operations were not yet completed, it would seem obvious that the stairway which caused the injury to Mrs. McDaniel was not, in fact, completed.

Counsel for both parties rely upon Long, Law of Liability Insurance, which text the writer does not have immediately available. The trial judge charged, *inter alia,* without objection the following, which according to the briefs was taken from Long, Law of Liability Insurance, section 11.07:

"And I charge you that there is no general definition of completeness or completion which would be of universal application and service. The factual situation must control, but there are some considerations which may serve as a guide. Completion is an independent fact which cannot be determined by the act or intention of a workman who may cease work regarding the job as completed, nor wholly by the conduct of the owner who without knowledge of the condition pays off before actual completion.

"I further charge you that work may be considered completed even though it has not been brought to a state of entirety or perfection.

"I further charge you that work is not deemed completed within the meaning of an insurance contract so long as the workmen have omitted or altogether failed to perform some substantial requirement essential to its functioning, the performance of which the owner has a contractual right to demand.

"I further charge you that work may be considered completed if the installation was left in a usable condition, even though the workmanship was so poor that later use might some day cause an accident, but equipment installed so that it is unusable for its intended purpose is not completed."

We deem the foregoing to be sound. While there is evidence that the stairway underwent some temporary use before the injury to Mrs. McDaniel, it would seem obvious that it was installed so that it was unusable for its intended purpose of affording passage to and from the attic indefinitely.

Travelers contends *inter alia,* that it is relieved of liability because the stairway had been "put to its intended use" and

thus within the language of the policy the insured's operation was completed prior to the injury to Mrs. McDaniel and coverage terminated. Under the facts and circumstances of this case the court certainly would not be warranted in holding, as a matter of law, that the slight use to which the stairway had been put prior to the injury was putting such to its intended use within the contemplation of the policy, and the insurer thereby relieved of liability. Even viewed in the light most favorable to the insurer this made only an issue for the jury.

Several cases from other jurisdictions are cited and relied upon by Travelers as supporting its contention that the operations of the insured had been completed within the purview of the policy and thus no further coverage. We have examined these cases carefully and find them either not in point factually or not persuasively reasoned. The North Carolina case of *Daniel v. New Amsterdam Casualty Co.*, 221 N. C. 75, 18 S. E. (2d) 819, held that work had not been completed within an insurance contract similar to the one here "so long as the workmen have omitted or altogether failed to perform some substantial requirement essential to its functioning, the performance of which the owner still has a contractual right to demand."

We are also inclined to agree with respondent's argument that coverage was afforded because the injury arose out of the existence of "uninstalled equipment." Webster's Third International Dictionary defines the word equipment, *inter alia,* as follows: "equipment usually covers everything, except personnel, needed for efficient operation or service * * *." We think under the ordinary sense of the word that a stairway would be regarded as equipment and certainly such was not, in this case, installed where it would reasonably accomplish the purposes for which it was intended. But aside from this particular issue, it seems abundantly clear to us that Travelers was not entitled to judgment n. o. v. upon the theory that Leslie's operations had been completed within the meaning and intent of the policy prior to the injury to Mrs. McDaniel.

Travelers also contends that there was no coverage because the policy excluded from coverage "liability assumed by the insured under any contract or agreement." It is argued that Leslie was a volunteer in making payment to Mrs. McDaniel and hence Travelers owes no reimbursement. Travelers concedes, however, that if Leslie was liable independently of any assumption on his part, he was entitled to coverage. It is sufficient to say that there was abundant evidence from which it could be concluded that Leslie was legally liable for the injuries to Mrs. McDaniel under the principles enunciated by this Court in the cases of *Rogers v. Scyphers*, 251 S. C. 128, 161 S. E. (2d) 81 (1968) and *Rutledge v. Dodenhoff*, 254 S. C. 407, 175 S. E. (2d) 792. Insofar as the legal liability of Leslie is concerned the *Rogers* case is quite similar to the instant case on facts. The judge submitted to the jury the issue of whether or not Leslie had assumed payment of anything for which it was not legally liable and this was the most Travelers was entitled to under the evidence.

Finally, it is contended by Travelers that the court erred in allowing parol evidence which varied the terms of the contract of sale and the deed to the McDaniels. Apparently neither the contract nor the deed made any reference to the collateral, oral agreement between the parties as to the house not being completed and Leslie's agreement to complete the same. Assuming, without necessarily deciding, that the parol testimony did vary the terms of a written contract between the McDaniels and Leslie, Travelers, who was not a party to the contract has no standing to complain thereabout. See *City of Orangeburg v. Bufford*, 227 S. C. 280, 87 S. E. (2d) 822 (1955).

We conclude that the appellant demonstrates no prejudicial error and the judgment below is accordingly,

Affirmed.

Moss, C. J., and LEWIS, LITTLEJOHN and NESS, JJ., concur.