## 20851

David A. MADDEN, Respondent, v. The PILOT LIFE INSURANCE COMPANY, Appellant.

(251 S. E. (2d) 196)

*Carl G. Ferguson* and *F. Marion Hughes,* of *Leatherwood, Walker, Todd & Mann,* Greenville, *for appellant.*

*Harry A. Chapman, Jr.,* of *Horton, Drawdy, Marchbanks, Chapman & Brown,* Greenville, *for respondent.*

January 10, 1979.

RHODES, Justice:

Plaintiff instituted this action against defendant insurance company to recover disability benefits provided under a group policy and obtained a jury verdict in his favor. The trial judge subsequently awarded $2,500 attorney's fees to plaintiff's counsel as permitted by § 38-9-320, South Carolina Code of Laws, (1976). The insurer has not appealed the jury verdict, but has appealed the order awarding attorney's fees. We reverse.

Under authority of § 38-9-320, a trial judge is permitted to award attorney's fees when an insurance company's refusal to pay ". . . [is] without reasonable cause or in bad faith . . . ." Thus, we need only decide whether the evidence warranted the lower court's finding that the company's refusal to pay respondent's claim was without reasonable cause or in bad faith.

In February, 1974, respondent, afflicted by syringomyelia, took an indefinite leave of absence from his employment to undergo an operation to curb the degenerative effects of this disease. He was discharged from the hospital in late April, 1974, and was transferred to a rehabilitative center for physical therapy where he remained for an additional six weeks. Thereafter, respondent filed a claim with appellant professing to be totally disabled as a result of his disease. Appellant honored this claim, and respondent began receiving benefits under the sickness provision of his policy.

On August 7, 1974, respondent, while still on leave of absence, slipped and fell on a neighbor's porch, sustaining injury to his spinal cord. Respondent was hospitalized until November, 1974, and continued physical and occupational therapy until May, 1975. Subsequent to his fall, the respondent filed a second claim with appellant, this time stating that he was totally disabled as a result of this accident. Appellant denied this claim, which was predicated on the accidental benefits provided by the policy and respondent brought this suit to recover these benefits.

Respondent was covered for disability under two separate portions of his policy: one provided benefits resulting from sickness; the other allowed benefits caused by accidental injury. Since the company has honored respondent's claims under the sickness portion, we are concerned only with the accidental injury portion of this policy. The pertinent provisions contain the following definition:

The term "Injury" means bodily injury caused by an accident occurring while this policy is in force with respect to the person whose injury is the basis of claim and which, while this policy is in force, results directly and independently of all other causes in loss covered by this policy.

The policy also contained the following exclusion:

The accident insurance under this Policy shall not cover disability caused or contributed to by disease. . . .

Pilot's refusal to pay respondent's second disability claim under the accidental injury provision was primarily based on reports from respondent and his treating physicians. These documents, which were filed in support of respondent's claim under the sickness provision of the policy, were to the following effect:

(1) Dr. Espey, respondent's operating surgeon and treating physician, stated on July 23, that syringomyelia was the cause of respondent's disability and that his condition was gradually worsening. In a supplemental report submitted by Dr. Espey on September 24, 1974, several weeks after his

fall, he again stated the cause of respondent's disability to be his disease, making no mention of the fall affecting his disabled state.

(2) On June 24, 1974, Dr. Knowles, who supervised respondent's physical therapy, stated respondent's impairment as "reduced muscle strength in all extremities, paralysis of both hands and upper limbs which had resulted from his disease. . . .

(3) On August 1, 1974, six days prior to his fall, respondent answered "no" to the question ". . . are you now in good health and free from all impairment or deformity?" As explanation for this answer, respondent stated he "had spinal surgery."

Based on these reports which were submitted preceding and subsequent to his fall, Pilot defended respondent's claim on the grounds that respondent was already disabled from his pre-existing disease, thereby ruling out the fall as the direct cause of the disability.

In regard to its defense, the company's position was strengthened by medical testimony from Dr. Espey, who stated in his deposition that respondent's disease at least contributed to his total disability following the fall. Another of his treating physicians, Dr. Wilkins, opined that the normal progression of respondent's disease could have naturally resulted in his now disabled state, regardless of the fall.

Although the jury determined that the fall was the cause of respondent's disability, the statute patently does not require payment of attorney's fees in every contested case won by the insured. *Baker v. Pilot Life Ins. Co.*, 268 S. C. 609, 235 S. E. (2d) 300 (1977). Attorney's fees should be awarded only when a company's refusal to pay is "without reasonable cause or in bad faith."

From the competent medical opinions which the appellant had before it, we conclude that the company had ample grounds for refusing appellant's claim and defending this suit. In accord with our scope of review, we

hold that the evidence on the issue of attorney's fees preponderates in favor of the company.

Reversed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.