Freddie WIGGINS, Jr., Plaintiff,

v.

The TRAVELERS INSURANCE COMPANY, Defendant.

Civ. A. No. 78–1943.

United States District Court,
D. South Carolina,
Charleston Division.

Dec. 7, 1979.

---

Jennings C. McKelvey, Jr., North Charleston, S. C., for plaintiff.

W. Jefferson Leath, Charleston, S. C., for defendant.

## ORDER

BLATT, District Judge.

This matter came before me for hearing pursuant to the defendant's motion for complete or partial summary judgment. In the complaint in this action, the plaintiff alleged breach by the defendant of an insurance contract, such breach being accompanied by fraud on the part of the defendant. Demand was made for actual damages based on income lost due to disability in the amount of Four Hundred Sixty and 36/100 Dollars ($460.36), and for punitive damages and attorney's fees. After answering and denying liability, the defendant served on the plaintiff a request that plaintiff admit that an attached copy of the defendant's insurance form, which had been completed by plaintiff's treating physician, and which indicated that plaintiff was not disabled during the period claimed, was true and correct; plaintiff responded to this request and stated that the plaintiff believed that the form had been completed and signed by plaintiff's treating physician.[1]

This case involves the refusal of the defendant to pay the aforesaid claim which arose pursuant to a first party Personal Injury Protection—(hereinafter referred to as "PIP")—endorsement on plaintiff's automobile liability insurance policy. In order to decide defendant's motion, this court must determine whether there is a factual issue as to defendant's liability for the lost wages claimed and whether there is any evidence of bad faith, unreasonable conduct, or fraud on the part of the defendant which could possibly raise any question of fact on the issue of punitive damages and attorney's fees[2] (*Pierce v. Ford Motor Company*, 190 F.2d 910, 915 (4th Cir. 1951). Section 56–11–20 of the 1976 Code of Laws of South Carolina sets forth the legislative purpose of the South Carolina Automobile Reparation Reform Act of 1974, which Act made payment of "PIP" benefits mandatory. That Section states in part:

> The purpose of this chapter is to require medical, surgical, funeral and disability insurance benefits to be provided without regard to fault under motor vehicle policies that provide bodily injuries and property damage liability insurance, . . . .

Section 56–11–110 of the 1976 Code of Laws of South Carolina, as amended, provides, among other things, for the payment of disability benefits to an insured injured in an automobile accident and, if the insured party be an income producer, for the payment of benefits for loss of income resulting from injury. In *Hamrick v. State Farm Mutual Automobile Insurance Company*, 270 S.C. 176, 241 S.E.2d 548 (1978), the Supreme Court of South Carolina held that the amount of disability benefits which an insured person is entitled to recover for loss of income must be measured by the income which the injured party would have earned from the time of the accident that resulted in the disabling injury to the time when the disability terminated. In this case, plaintiff basically seeks loss of income occasioned by time missed from work while he traveled to and from his doctor for treatment, and for the time spent receiving such treatment.

---

1. After completing the insurance form, plaintiff's attending physician wrote two letters in which he indicated a contrary conclusion.

2. Section 38–9–320 of the 1976 Code of Laws of South Carolina provides for the awarding of attorney's fees when the insurer's refusal to pay a claim is "without reasonable cause or in bad faith."

Assuming, for the sake of deciding the question of defendant's liability for punitive damages and attorney's fees, that plaintiff's doctor was incorrect when he completed defendant's insurance form and stated therein that plaintiff was not disabled, this court, after diligent research, can locate no case passing upon the legal issue here presented, namely, whether the words "loss of income due to disability" mean that the plaintiff should be paid for loss of time from work while visiting his doctor as above set forth. This issue is novel and unusual, a fact which counsel for both parties concede. Furthermore, even plaintiff's counsel admits that a jury question is presented on the correctness of plaintiff's doctor's statement in the insurance form that plaintiff was not disabled.[3]

It appears clear to this court that the defendant, in view of the unsettled state of the law on the legal issue arising in this case, and in view of the conflicting statements of the plaintiff's doctor, has not, as a matter of law, acted unreasonably, fraudulent, or in bad faith in exercising its right to litigate its alleged liability under its policy in this action. In a number of cases involving a claim for attorney's fees under Section 38–9–320, *supra*, which claim would require substantially the same degree of proof as the claim for punitive damages and attorney's fees in the instant case, the Supreme Court of South Carolina has indicated that an insurance company was justified in defending an action against it under circumstances similar to those involved here. *Belk v. Nationwide Insurance Company*, S.C., 244 S.E.2d 744 (1978); *Spaulding v. State Farm Mutual Insurance Company*, 262 S.C. 95, 202 S.E.2d 653 (1974); *Baker v. Pilot Life Insurance Company*, 268 S.C. 609, 234 S.E.2d 300 (1977). There being no evidence whatsoever, in this court's opinion, based on the record presented to it at the hearing on defendant's motion for partial summary judgment, for a finding of fraud, unreasonable conduct, or bad faith on the part of the defendant, its liability in this action is necessarily limited to any loss of income to the plaintiff due to disability resulting from the accident–the total amount of that claim being Four Hundred Sixty and 36/100 Dollars ($460.36). Based on the foregoing, it is

ORDERED, that defendant's motion for summary judgment is hereby granted as to punitive damages and attorney's fees.

IT IS FURTHER ORDERED, that defendant's motion for summary judgment is hereby denied as to all damages which do not exceed the claim for lost wages due to disability, namely, Four Hundred Sixty and 36/100 Dollars ($460.36).

AND IT IS SO ORDERED.

---

**3.** The court recognizes that such admission does not, in itself, moot the allegation of fraud and bad faith. *Madden v. Pilot Life Insurance Company*, 272 S.C. 264, 251 S.E.2d 196 (1979).