21250

Clifton NELSON, Respondent, v. UNITED FIRE INSURANCE COMPANY OF NEW YORK, Appellant.

(267 S. E. (2d) 604)

*Philip Wittenberg,* of *Levi & Wittenberg,* Sumter, *for appellant.*

*Nash, Chappell & Wilson,* Sumter, *for respondent.*

June 10, 1980.

NESS, Justice:

Respondent, Clifton Nelson, instituted this action against appellant, United Fire Insurance Company of New York, to recover the proceeds of a fire insurance policy. The lower court entered an order granting respondent's motion for a directed verdict and awarding attorney's fees to respondent's counsel as permitted by § 38-9-320, South Carolina Code of Laws (1976). We affirm in part and reverse in part.

Nelson rented his former homeplace to Earnest Green for $40.00 per month until it was destroyed by fire. The house was covered by a fire insurance policy issued in December, 1971, in the original amount of $3,000.00. At the suggestion of the agent of appellant, the coverage was increased to $5,000.00. All premiums were paid by respondent.

The respondent originally owned approximately two acres of land surrounding the house. In 1971 he sold one acre of vacant land for $800.00. In September 1976 he sold .55 acres vacant land to Durant for $500.00. In November 1976 he sold the remaining .55 acres to Durant for $500.00. The homeplace was situated on this last parcel of land. Respondent and Durant agreed that the transaction would not include the house and the respondent would move the house in the indefinite future onto other lands he owned.

Appellant initially asserts that regardless of the intent of the parties, legal title to the house passed with the land and the respondent's insurable interest terminated. We disagree.

We do not believe the deed was an absolute conveyance to the house, *in the absence of a third party intervention*. This conclusion is fully suported by the surrounding circumstances and the testimony of the parties to the deed. It is stated in 26 C.J.S. Deeds § 106(c), n. 32, p. 907:

"It is presumed that a right to buildings attached to the soil passes with a conveyance in fee, *but this presumption*

*may be overcome by evidence of ownership by one other than the grantee."* (Emphasis supplied).

Whether or not respondent retained legal title to the house, he had an equitable or beneficial interest. Appellant assumes that "insurable interest" equates with "legal title." This Court held in *Crook v. Hartford Fire Insurance Company, et al.,* 175 S. C. 42, 48, 178 S. E. 254 (1934) :

"It may be said, generally, that any one has an insurable interest in property who *derives a benefit* from its existence or would suffer loss from its destruction."

"An insurable interest in property *is any right,* benefit or advantage arising out of or dependent thereon, or any liability in respect thereof, or any relation to or concern therein of such a nature that it might be so affected by the contemplated peril as to directly damnify the insured." (Emphasis supplied).

This statement was quoted with approval in *Reid v. Hardware Mutual Insurance Company of the Carolinas, Inc.,* 252 S. C. 339, 343-344, 166 S. E. (2d), 317 (1969) ; 43 Am. Jur. (2d), Insurance, § 472; see also 44 C. J. S. Insurance § 182, pp. 878-879 which states :

". . . other persons . . . have an insurable interest in property, so as to support a policy of fire insurance, such as . . . the owner of, or possessor of a right or interest in, a building, whether it is situated on his own land or on the land of another . . ."

Here the testimony revealed respondent rented the house and received monthly rental payments until the fire. Certainly he suffered the loss of this monthly income, and the right to receive rent has been held to constitute an insurable interest. 43 Am. Jur. (2d), Insurance, § 481, p. 520; *Buffalo Insurance Company v. Bommarito,* 42 F. (2d) 53 (8th Cir. 1930) ; 4 Appleman, Insurance Law and Practice, § 2191, p. 118 (Rev. 4th Ed. 1969).

Appellant next asserts the introduction of the deeds and the testimony regarding respondent's interest in the home-place violated the parol evidence rule. We disagree.

First, we do not believe the appellant has standing to raise this objection because it was not a party to the deed. *City of Orangeburg v. Buford,* 227 S. C. 280, 87 S. E. (2d), 822 (1955); *Leslie, Inc. v. Travelers Insurance Company,* 264 S. C. 408, 215 S. E. (2d), 448 (1975). The inadmissibility of parol evidence to vary the terms of a written instrument does not apply to a controversy between a third party and one of the parties to the instrument.

Moreover, regardless of the oral agreement between the respondent and Durant, and any parol-evidence-rule objection to testimony regarding that agreement, the respondent in fact derived benefits from the house, in the form of rent from his tenant, and suffered a loss when the tenant quit paying after the fire. These facts alone established an insurable interest.

Appellant relies on the case of *Jacobs v. The Mutual Insurance Company,* 56 S. C. 558, 35 S. E. 221 (1899), where interestingly the Court held that the husband had an insurable interest despite deeding the house to his wife but that parol testimony was inadmissible. This holding has been impliedly overruled by *City of Orangeburg v. Buford, supra,* and *Leslie, Inc. v. Travelers, supra.*

There is no merit to appellant's next contention that respondent's actions constituted a wilful and intentional concealment or misrepresentation of a material fact. *Mulkey v. U. S. Fidelity & Guaranty Company,* 243 S. C. 121, 127, 132 S. E. (2d) 278 (1963); 44 Am. Jur. (2d), Insurance, §§ 1501, 1502, pp. 368 and 369.

Finally, appellant argues the trial court erred in the allowance of attorney's fees. We agree.

The trial court without any specific findings on the statutory criteria merely held the refusal to pay the respon-

dent's claim was without reasonable cause and in bad faith, and ordered the maximum fee allowable:

Section 38-9-320, Code of Laws of South Carolina, 1976, provides for the liability for attorney's fees upon a finding "that such refusal was without reasonable cause or in bad faith."

We held in *Coker v. Pilot Life Insurance Company*, 265 S. C. 260, 217 S. E. (2d) 784 (1975), the trial court should consider the relevant evidence adduced upon the trial of the main issue and any other competent evidence relevant to whether or not there was lack of reasonable cause or bad faith in the refusal to pay. We further stated in *Madden v. Pilot Life Insurance Co.*, 272 S. C. 264, 251 S. E. (2d) 196 (1979), "the statute patently does not require payment of attorney's fees in every contested case won by the insured."

In this case we have legal principles of novel impression in this State. Certainly in a free society, one is entitled to properly litigate without the fear of unequal punishment.

We affirm the trial court's action in directing a verdict for the respondent. We reverse the portion ordering attorney's fees.

Affirmed in part; reversed in part.

LEWIS, C. J., and GREGORY, J., concur.

LITTLEJOHN, J., and JOSEPH R. Moss, Acting Associate Justice, dissent.

JOSEPH R. Moss, Acting Associate Justice (dissenting):

I respectfully dissent and would reverse the order of the lower court. In my view the issues are controlled by the case of *Jacobs v. Mutual Ins. Co.*, 56 S. C. 558, 35 S. E. 221 (1900); see, also: *Heath Springs Light & Power Co. v. Lynches River Elec. Co-op.*, 231 S. C. 34, 97 S. E. (2d) 79 (1957); *Scott v. Scott*, 216 S. C. 280, 57 S. E. (2d) 470 (1950); *Coward v. Boyd*, 79 S. C. 134, 60 S. E. 311 (1908); 23 Am. Jur. (2d) *Deeds* § 71.

LITTLEJOHN, J., concurs.