21292

**Perry BROWN, Respondent, v. STATE FARM MUTUAL INSURANCE COMPANY, Appellant.**

**(269 S. E. (2d) 769)**

*Grimball, Cabaniss, Vaughn & Guerard,* Charleston, *for appellant.*

*Fred Henderson Moore, of Moore & Brown,* Charleston, *for respondent.*

September 3, 1980.

GREGORY, Justice:

Respondent Perry Brown's 1974 Buick automobile caught fire and he sought recovery for a total loss under a policy of insurance with appellant State Farm Mutual Insurance Company. The jury returned a verdict of $3,950.00 [1] and the trial judge awarded respondent's attorney a fee of $1,316.66 under authority of Section 38-9-320 (1976 Code). The sole issue on appeal is the award of attorney's fees. We reverse.

---

[1] Respondent rejected a pretrial settlement offer of $3,800.00.

The above statute plainly permits a trial judge to
■■ award an attorney's fee "when an insurance com-
pany's refusal to pay '. . . [is] without reasonable
cause or in bad faith'." *Baker v. Pilot Life Insurance Com-
pany,* 268 S. C. 609, 235 S. E. (2d) 300, 301 (1977);
*Madden v. Pilot Life Insurance Company,* 272 S. C. 264,
251 S. E. (2d) 196, 197 (1979). On appeal we treat the
trial judge's determination as one in equity made without
the aid of the jury and, thus, we are free to find facts in
accordance with our view of the preponderance of the evi-
dence. *Baker* and *Madden, supra; Townes Associates, Ltd.
v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773
(1976).

Here the trial judge found appellant unreasonably delayed
settlement of the claim and breached its fiduciary duty to
respondent. We disagree.

The loss occurred on March 8, 1977 and was reported to
the company on March 10. An adjuster immediately drove
to respondent's home and examined the vehicle. The adjuster
and respondent later discussed the claim and at respondent's
suggestion the car was towed to Hudson's Walterboro Auto
Electric for an assessment of its repairability.[2] On March 17
Hudson notified the parties the vehicle was a total loss.
Negotiations ensued.

By letter of April 1, 1977, the adjuster confirmed a settle-
ment agreement of $3,200.00. Respondent in the meantime
had consulted an attorney. What followed over the course
of the next several months was an escalation of respondent's
settlement demand by his attorney[3] with, as we read the
record, a concomitant reduction in cooperation. Respondent's
attorney refused to grant the company the specific authority
to dismantle the engine to check for possible damage after
water was discovered on the oil dipstick. Information per-

---

[2] Respondent expressed his preference that the automobile be re-
paired, if possible.

[3] This demand reached its peak of $5,400.00 in August of 1978. Suit
was commenced the following October.

taining to the satisfaction of the lien on the vehicle, although requested, was not supplied. Phone calls and correspondence went unanswered.

Appellant refused respondent's attorney's first demand of $4,500.00 since it was well above the market price of a compaarble vehicle located by one of the adjusters. We cannot agree with the trial judge that the failure of the adjuster to reveal the price and availability of the comparable vehicle was a breach of the company's fiduciary duty to respondent. This information was obtained by the adjuster to assist him in arriving at a reasonable value for a total loss. Moreover, under the terms of the policy the *company* had the option of repairing or replacing the vehicle or paying for the loss.

The lower court found unreasonable delay evidenced by appellant's failure to engage the services of an independent appraiser [4] until some eighteen months after the loss. We know of no duty on the part of an insurer to retain an independent appraiser under circumstances such as these. That appellant chose to do so was reasonable and not in itself indicative of delay.

We cannot say appellant acted unreasonably, or in bad faith, under these circumstances. Before respondent's attorney became involved it appears the parties had reached a settlement which closely approximated the independent appraisal some eighteen months later. Appellant's pretrial offer was very near the amount of the verdict while respondent's final demand was far above it. In the last analysis we have divergent viewpoints of the reasonable value of the automobile. We hold that on these facts the insurance company had a right to reasonably defend its position, which prevailed at trial, and accordingly the award of attorney's fees must be set aside.

We expressly decline to adopt the automatic rule urged upon us by appellant which precludes an award of attorney's fees in any case where the jury returns

---

[4] The independent appraiser's estimate was $3,863.00.

verdict for less than the claimant's demand. We think this rule is as inappropriate in our State as one requiring an award of attorney's fees where the verdict exceeds the company's offer. See, generally, 3 Appleman, *Insurance Law and Practice,* §§ 1601-1647 (1967). In this jurisdiction a factual finding of unreasonableness or bad faith is the condition precedent to an award of attorney's fees. We shall not displace this factual determination with some hard and fast rule of law. Cf. *Nelson v. United Fire Insurance Company,* S. C., 267 S. E. (2d) 604, Opinion No. 21250, Smith's Advance Sheet No. 23 (1980) and *Madden v. Pilot Life Insurance Company, supra* [statute does not require award of attorney's fees in every contested case won by the insured].

The facts of this case preponderate in favor of appellant insurer. Accordingly, the award of attorney's fees is set aside.

Reversed.

LEWIS, C. J., and LITTLIJOHN, NESS and HARWELL, JJ., concur.