2120

Eugene T. KILCAWLEY, Respondent v. Heidi S. KILCAWLEY, Appellant.

(440 S.E. (2d) 892)

Court of Appeals

*Lorraine Callison Watson*, West Columbia, *for appellant.*

*Carl A. Ellsworth*, of *Seigler, Earle & Ellsworth*, Columbia, *for respondent.*

Submitted Dec. 7, 1993.

Decided Jan. 24. 1994.

GOOLSBY, Judge:

In this action for attorney fees brought pursuant to the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §§ 15-36-10 to -50 (Supp. 1992), Heidi S. Kilcawley appeals from a family court order directing her to pay attorney fees to Eugene T. Kilcawley. We affirm.[1]

The parties divorced in 1991. In 1992, Mrs. Kilcawley moved to vacate the divorce decree on three grounds. First, she claimed she had been under the influence of prescription drugs when she consented to the settlement. Second, she asserted Mr. Kilcawley, prior to the final divorce, used $8,000 of

---

[1] Because oral argument would not aid the Court in resolving the issues, we decide this case without oral argument.

undisclosed retirement funds to help his current wife purchase a house. Third, she alleged she mistakenly believed that she would be entitled to two years of post-divorce military health benefits.

Mrs. Kilcawley's counsel filed the motion to reopen without conducting any investigations regarding Mrs. Kilcawley's claims.[2] After counsel investigated her claims, Mrs. Kilcawley decided to dismiss her motion to reopen. Mr. Kilcawley refused to consent to the dismissal unless Mrs. Kilcawley paid him $1000 in attorney fees. Mrs. Kilcawley asserted she could not pay that amount and moved to dismiss the suit. In response, Mr. Kilcawley moved for attorney fees under S.C. Code § 15-36-30 (Supp. 1992). The family court thereafter dismissed the action and awarded Mr. Kilcawley attorney fees.

The determination of whether statutory attorney fees should be awarded is treated as one in equity. *See Brown v. State Farm Mut. Ins. Co.*, 275 S.C. 276, 269 S.E. (2d) 769 (1980) (wherein the supreme court treated as equitable the trial court's determination of whether to award attorney fees under S.C. Code Ann. § 38-9-320 (1976) for bad-faith failure to pay insurance claim). In reviewing the award in issue, therefore, this court may take its own view of the preponderance of the evidence. *Wallace v. Milliken & Co.*, 305 S.C. 118, 406 S.E. (2d) 358 (1991). Even where this court may find facts in accordance with its own view of the preponderance of the evidence, we are not required to disregard the factual findings of the trial judge who saw and heard the witnesses and was in a better position to judge their credibility and demeanor. *Godfrey v. Heller*, — S.C. —, 429 S.E. (2d) 859 (Ct. App. 1993).

The South Carolina Frivolous Civil Proceedings Sanctions Act provides:

> Any person who takes part in the procurement, initiation, continuation, or defense of any civil proceeding is subject to being assessed for payment of all or a portion

---

[2] We take this opportunity to remind the bar of the significance of an attorney's signature on a pleading or motion under Rule 11(a), SCRCP:

"The signature of an attorney . . . constitutes a certificate by him that he has read the pleading, motion or other paper; that *to the best of his knowledge, information and belief there is good ground to support it;* and that it is not interposed for delay." (Emphasis added.)

of the attorney's fees and court costs of the other party if:

(1) he does so primarily for a purpose other than that of securing the proper discovery, joinder of parties, or adjudication of the claim upon which the proceedings are based; and

(2) the proceedings have been terminated in favor of the person seeking an assessment of the fees and costs.

S.C. Code Ann. § 15-36-10 (Supp. 1992).

The act also states a person has acted with a proper purpose where the person reasonably believes the existence of the underlying facts of the claim and

(1) reasonably believe that under those facts his claim may be valid under the existing or developing law; or

(2) relies upon the advice of counsel, sought in good faith and given after the full disclosure of all facts within the knowledge and information which may be relevant to the cause of action; or

(3) believes, as an attorney of record, in good faith that his procurement, initiation, continuation, or defense of a civil cause is not intended to merely harass or injure the other party.

S.C. Code Ann. § 15-36-20(1)-(3) (Supp. 1992).

Here, we agree with the family court's finding that Mrs. Kilcawley's primary purpose for initiating this proceeding was "other than that of securing proper adjudication of the claim." First, regarding Mrs. Kilcawley's claim that she was under the influence of prescription drugs when she consented to the settlement, both the divorce order and the transcript of the divorce proceedings clearly show the family court asked Mrs. Kilcawley if she was under the influence of alcohol or drugs and she responded she was not. Second, regarding the alleged $8,000 undisclosed marital property, although Mrs. Kilcawley claims she did not discover Mr. Kilcawley's interest in the home until after the divorce, Mrs. Kilcawley's deposition taken prior to the divorce shows she knew of the home's purchase at that time and yet failed to take any action based on that information. Third, regarding Mrs. Kilcawley's assertion that she is entitled to *two* years of *health insurance*, the record shows that Mrs. Kilcawley bases

her claim upon a conversation she had with a military representative in which he indicated she was entitled to *one year of medical treatment* after the divorce. Further, the parties never discussed health insurance.

Taken together, these circumstances illustrate the improvident and unreasonable nature of Mrs. Kilcawley's claims.

Affirmed.

HOWELL, C.J., and CURETON, J., concur.