17445

Helen Rosa CLYDE, Administratrix of the Estate of Tommy Randall Clyde, Respondent, v. M. T. SUMEREL, J. I. Sumerel, Jr., d/b/a Town & Country Drug Store, Fiske-Carter Construction Company, a corporation, of which Fiske-Carter Construction Company is the, Appellant.

(104 S. E. (2d) 392)

*Messrs. Haynsworth, Perry, Bryant, Marion & Johnstone,* of Greenville, and *Watkins, Vandiver & Freeman,* of Anderson, *for Appellant,*

*Messrs. Hinson, Traxler & Hamer, and W. E. Bowen and J. G. Leatherwood,* of Greenville, *for Respondent,*

July 10, 1958.

TAYLOR, Justice.

This appeal comes from the Court of Common Pleas for Greenville County wherein respondent instituted action against M. T. Sumerel and J. I. Sumerel, Jr., d/b/a Town & Country Drug Store, and Fiske-Carter Construction Company, seeking damages for the death of her 8 year old son, Tommy Randall Clyde, who was found dead beneath a display counter at the rear of the Town & Country Drug Store.

The case was brought upon the theory that the display counter placed upon an incline in such a way as to be un-

stable constituted an attractive nuisance. Answers were filed by both defendants denying the allegations of liability and specifically denying that the said counter constituted an attractive nuisance.

Upon trial, respondent was awarded actual damages in the amount of $15,000.00, apportioned equally $7,500.00 against M. T. Sumerel and J. I. Sumerel, Jr., and $7,500.00 against Fiske-Carter Construction Company, of whom the latter is appellant here.

Timely motions were made for nonsuit, directed verdict, and judgment *non obstante veredicto,* all of which were refused.

Appellant's exceptions pose several questions, but in our view it is necessary to the determination of this appeal to consider only whether or not Fiske-Carter Construction Company had completed its work and was thereby relieved of liability in connection therewith.

Early in 1955, the Fiske-Carter Construction Company entered into a contract with the Potomac Realty Company of Greenville, South Carolina, to construct the exterior walls, roofs, and floors of two store buildings on property of Potomac Realty Company and pave a designated area adjacent thereto. Such stores were to be occupied by the Dixie Home Stores and the Sumerels, d/b/a Town & Country Drug Store. At about the same time the Realty Company entered into a lease agreement with the Sumerels, under which they were to install their own fixtures. By the middle of August the building had progressed to the point where the Sumerels began moving in fixtures and stock. Paving as required in the contract was commenced September 1, 1955, by Ashmore Bros. as subcontractor.

On August 31st, the Textile Warehouse Company delivered to the Sumerels two display counters, which were placed on the ground back of the store where they remained until September 2nd or 3rd when it became necessary to remove them in order to pave that portion of the area and

they were moved approximately 10 feet from the back of the building and placed upon a bank or incline. As to who moved the counters is in dispute, the Sumerels contending the Construction Company and the Construction Company contending the Sumerels. In any event they were the property of the Sumerels who exercised dominion and control over them as such.

The last two laborers on the job for appellant were named Nash and Black, who last worked on the job on September 3, 1955. A Mr. Smith, the superintendent of Fiske-Carter Construction Company, stayed on one additional week after September 3rd and left on September 10th, the job completed. The records of the Construction Company also show that Nash and Black were employed at another project after the week of September 10th. The stores were completed prior to September 1st, the day of the commencement of the paving which was completed on September 10th and no further work was done thereon. The owner was billed for the work done, and the premises formally accepted without further work thereon September 26, 1955.

Thirteen days after appellant had completed its work and left the scene and three days before formal acceptance, on the morning of September 23rd, plaintiff's intestate was found lying dead under one of the display cases. There were no eyewitnesses. It was known only that the child was missing on the evening of the 22nd and was found the next morning crushed by one of the display cases.

At the time of the tragedy, the premises were under the sole control and operation of the Sumerels, who had been in possession for 13 days. The premises, for all practical matters, had already been accepted as the possession and attendant use of the area by the Sumerels was not enhanced or otherwise changed by the mere fact of formal acceptance which took place three days after the tragedy.

The general rule is that the contractor is not liable to a third person receiving injury or damage as a result of the negligent construction of the work,

after the completion and acceptance thereof by the contractee or owner. A formal acceptance of the contractor's work is not required, and the liability of the contractor will cease with a practical acceptance after completion. Annotation, 13 A. L. R. (2d) 211; *Nichols v. Craven,* 224 S. C. 244, 78 S. E. (2d) 376.

For the foregoing reasons, we are of opinion that it ■ was error to refuse appellant's motion for a directed verdict, that the verdict and judgment appealed from should be set aside and verdict directed for appellant and it is so ordered. Reversed.

STUKES, C. J., and OXNER, LEGGE and MOSS, JJ., concur.