825 F.2d 409
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John WOODLEE, Plaintiff-Appellant,
v.
K & S WELDING & STEEL ERECTORS AND CRANE RENTAL, Defendant-Appellee,
and
ANCHOR COUPLING COMPANY, INC.; Armco Steel Corporation; The
Celotex Corporation; South Carolina Steel
Corporation; K & S Welding & Erectors, Defendants,
v.
POTTER SHACKLEFORD CONSTRUCTION COMPANY, Third Party Defendant.
John WOODLEE, Plaintiff,
v.
K & S WELDING & STEEL ERECTORS AND CRANE RENTAL, Defendant-Appellant,
and
ANCHOR COUPLING COMPANY, INC.; Armco Steel Corporation; The
Celotex Corporation; South Carolina Steel
Corporation; K & S Welding & Erectors, Defendants,
v.
POTTER SHACKELFORD CONSTRUCTION COMPANY, Third Party
Defendant-Appellee.
 No. 86-2170, 86-2174
 United States Court of Appeals, Fourth Circuit.
 Argued June 5, 1987.
Decided July 13, 1987.
 
 Douglas Franklin Patrick, Sr. (Foster, Covington & Patrick, on brief), for appellant.
 Jack Harding Tedards, Jr.; W. Howard Boyd, Jr. (Rainey, Britton, Gibbes & Clarkson, P.A.; Joseph E. Major, on brief), for appellees.
 Before WIDENER and PHILLIPS, Circuit Judges, and KELLAM, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Plaintiff John Woodlee, a construction worker, was seriously and permanently injured when he fell through a hole in the subdecking of the roof on which he was working. He appeals the district court's grant of summary judgment in favor of defendant K & S Welding and Erectors (K & S) on his negligence claim. In a consolidated appeal, K & S appeals the district court's grant of summary judgment for third-party defendant Potter Shackelford Construction Company (Potter Shackelford) on its claim for indemnity. We affirm the grant of summary judgment on the negligence claim, finding that the district court properly applied dispositive South Carolina law. We do not reach the issues raised by the appeal of the third-party action because our disposition of the primary claim action renders that appeal moot.
 
 
 2
 In 1980 Anchor Coupling Company retained Potter Shackelford to build an office building and plant on a site near Easley, South Carolina. Potter Shackelford subcontracted the job of installing the corrugated metal subdecking for the roof of the building to K & S. Armco, a subdivision of Potter Shackelford was to complete the roof by placing insulation board over the subdecking and then placing a finished metal covering over the insulation. The completed roof was to contain air vents created by cutting holes through the entire roof system and then covering them with ventilation covers.
 
 
 3
 K & S installed the metal subdeck and cut ventilation holes in the subdeck. Armco then covered the holes. Five weeks later, Armco began laying the insulation board, uncovering the holes as it proceeded. Woodlee, an Armco employee, backed on to one of the insulation covered holes while working on the roof. Because the insulation board was not sturdy enough to hold his weight, he fell through the hole and suffered major permanently disabling injuries.
 
 
 4
 Woodlee's complaint against K & S alleged negligence, strict liability, and breach of an implied warranty. It asserted that K & S had created an unreasonable risk of danger by cutting the holes in the subdeck when it did instead of delaying this portion of the work until after the other levels of the roof were in place. K & S generally denied liability and filed a third-party claim for indemnity against Potter Shackelford. Both Potter Shackelford and K & S moved for summary judgment on the claims against them. The district court first granted Potter Shackelford's motion for summary judgment on the third-party complaint, relying on the South Carolina rule that indemnification is not allowed between joint tortfeasors absent an express contract. The court later granted K & S's motion for summary judgment on the negligence, strict liability, and warranty claims. Woodlee appeals only the summary judgment as to his negligence claim.
 
 
 5
 The district court's grant of summary judgment on the negligence claim was based on its conclusion that Clyde v. Sumerel, 104 S.E.2d 392 (S.C. 1958), barred any recovery against K & S once its work had been accepted by Potter Shackelford. In Clyde an eight-year old child was found crushed beneath a display counter that had been stored behind a store owned by one of the defendants. The counter allegedly had been placed on an incline behind the store by defendant construction company when it paved the parking lot behind the store. Plaintiff claimed that the dangerous placement of the counter created an attractive nuisance leading to the death of her son. In barring recovery against the construction company, the court noted that the company had completed its work and that the work had been all but formally accepted thirteen days before the accident. Formal acceptance occurred only three days after the accident. The court adopted the rule that a
 
 
 6
 contractor is not liable to a third person receiving injury or damage as a result of the negligent construction of the work, after the completion and acceptance thereof by the contractee or owner. A formal acceptance of the contractor's work is not required. . . . [T]he liability of the contractor will cease with a practical acceptance after completion.
 
 
 7
 Id. at 393.
 
 
 8
 Applying the rule of Clyde to the facts of this case, the district court found that K & S had completed its work and left the site over five weeks before the injury occurred and that K & S's work had been accepted by Potter Shackelford's job superintendent. On these facts, the court ruled, South Carolina law barred Woodlee from recovering against K & S for injuries caused by K & S's allegedly negligent construction work. The district court rejected Woodlee's argument that recent decisions of the South Carolina Supreme Court had overruled Clyde.
 
 
 9
 We agree with the district court's determination that Clyde bars recovery on these facts. Although recent South Carolina Supreme Court decisions have created exceptions to the rule announced in Clyde, none of those exceptions limit its applicability here.
 
 
 10
 In South Carolina Electric and Gas Co. v. Utilities Construction Co., 135 S.E.2d 613 (S.C. 1964), which involved an injury arising from the defective repair of a sidewalk, the court held that the Clyde rule would not apply if at the time of acceptance the defect was latent. South Carolina Electric does not help Woodlee because the defect here was open and obvious at the time of acceptance. Rogers v. Scyphers, 161 S.E.2d 81 (S.C. 1968), is also unavailing. Rogers rejects the doctrine of caveat emptor in the sale of new homes. Under Rogers a builder-vendor may be held liable for injuries resulting from a latent defect in a newly constructed house even after the house has been accepted by the owners. The South Carolina Supreme Court has made it clear that Rogers represents only an exception to Clyde, not a rejection of the rule: 'To the extent that [the Clyde] doctrine has not been eroded by Rogers . . . it is still viable.' Smith v. Fitton and Pittman, Inc., 212 S.E.2d 925, 926 (S.C. 1975) (holding that Clyde did not bar recovery because the contractee had not accepted the work). Because this case does not involve either a new home or a latent defect, Rogers does not permit recovery here.
 
 
 11
 Clyde is dispositive of Woodlee's claim. We affirm the district court's grant of summary judgment for K & S. This disposition renders K & S's appeal of the judgment on the third-party claim moot. That appeal is therefore dismissed.
 
 
 12
 AFFIRMED AND DISMISSED.