ESTATE OF Owen Louis SHANTEAU and Owen Craig Shanteau, Appellants (Defendants Below)

v.

Helen R. SHANTEAU, Appellee (Plaintiff Below).

No. 09A02–8701–CV–00038.

Court of Appeals of Indiana, Second District.

July 20, 1987.

George W. Stephenson, Michael & Stephenson, Logansport, for appellant Estate of Owen Louis Shanteau.

Donald J. Tribbett, 208 Fourth Street, Logansport, for appellant Heir Owen Craig Shanteau.

John R. Hillis, Hillis, Hillis & Maughmer, Logansport, for appellee.

SHIELDS, Presiding Judge.

The Estate of Owen Louis Shanteau (Estate) appeals an adverse judgment in favor of Helen R. Shanteau (Helen). We reverse.

## FACTS

Owen L. Shanteau died intestate on October 17, 1985. His surviving spouse, Helen, filed a claim against the Estate to collect the following promissory note:

> "Logansport, Ind.,
> November 24, 1972
>
> No. ____
>
> ....Months after Date, for value received, I, we or either or us promise to pay to the Order of Helen R. Shanteau Eleven Thousand Nine Hundred and no/100.... Dollars with interest at the rate of .... per cent, per annum from...... This note shall bear interest at the rate of 8% per annum from date if not paid at maturity, with attorney's fees, without any relief whatever from valuation or appraisement laws of the State of Indiana. The makers and endorsers jointly and severally waive presentment for payment, protest and notice of protest and non-payment of the note.
>
> /s/ Owen Louis Shanteau
> P.O. Address 2009 E. Broadway
> Logansport, Ind. 46947
> $11,900.00"

Record at 38.

In spite of the Estate's defense that collection was barred by the applicable statute of limitation, the trial court entered judgment for Helen for the face amount of the note, $11,900, plus attorney fees in the amount of $880.12.

## ISSUE

When did a cause of action accrue upon the subject promissory note?

## DISCUSSION

The Estate claims the trial court erred in determining Helen's cause of action upon the subject promissory note was not barred by the statute of limitations. It argues the note is a demand instrument upon which a cause of action accrues on the date the note is executed. Then, because the applicable statute of limitation requires the commencement of an action within ten (10) years after the action accrues, the Estate concludes Helen's claim is barred.

Helen argues inconsistencies on the face of the note compel the conclusion it is not a demand note due upon execution, but rather a note which "called for a demand to be made by [Helen] in order for the note to mature." Appellee's Brief at 8. Inasmuch as a demand was not made until Helen filed her claim in the Estate, it is Helen's position the trial court properly concluded "[t]he (10) year statute of limitation ... commenced with the presentment of said claim for ... collection ... on December 18, 1985." Id. at 9. Further, Helen argues the transaction with her deceased husband is not a commercial transaction because of the marital relationship.

We conclude the disputed note is a demand note and, accordingly, the statute of limitation barred its collection.

■ First, neither Helen's brief nor our own research reveals legal authority for Helen's position the marital relationship removes her transaction with her deceased husband from the law governing commercial transactions codified in the Indiana version of the Uniform Commercial Code. Consequently, we look to that Code for resolution of the issue.

■ Indiana Code Ann. § 26–1–3–108 (Burns 1974) provides "[i]nstruments payable on demand include those payable at sight or on presentation and those in which no time for payment is stated." The subject instrument falls within this definition inasmuch as no time for payment is stated. However, Helen argues several factors militate against this conclusion:

1) the word demand does not appear in the note;

2) the provision for annual interest;

3) the provision for 8% per annum interest "from date if not paid at maturity" which raises the interest from 0% to 8% upon maturity; and

4) the provision waiving presentment for payment, protest and notice of protest and non-payment.

In fact, none of these provisions is inconsistent with the concept of a demand promissory note.

First, not only does the definition of a demand note not require the words, "on demand," it contemplates their omission by including within the definition instruments "in which no time for payment is stated." I.C. § 26–1–3–108. Next, a provision for annual interest is not inconsistent with a demand instrument inasmuch as per annum interest is the usual and acceptable manner of expressing interest in all interest-bearing transactions. As to the third factor asserted by Helen, a demand note is "mature" upon execution, i.e., it is immediately due. Hence, a provision providing for 8% per annum interest if not paid at maturity is merely a provision providing for the principal to bear interest at 8% per annum from the date of execution. This provision is consistent with a demand note.

Finally, Helen fails to develop her contention the provision waiving presentment and notice is inconsistent with a demand note. She merely makes the statement. An inconsistency is not apparent.

Having concluded the subject note is a demand instrument, Ind.Code Ann. § 26–1–3–122 (Burns 1974) provides a cause of action against the maker accrues upon the date of the instrument or, if none is stated, on the date of issue. Here, the date of the instrument is November 24, 1972, and Helen's cause of action against her husband, the maker, arose on that date. Finally, Ind.Code Ann. § 34–1–2–2 (Burns 1974) provides a cause of action upon promissory notes and other written contracts for the payment of money executed on or after September 19, 1881 and before September 1, 1982 shall be commenced within ten (10) years. Accordingly, Helen's action against the Estate was barred by the applicable

statute of limitation at the time she filed her claim. Hence, the trial court erred in entering judgment for her on her claim.

Judgment reversed and cause remanded with instructions to enter judgment for the Estate on the promissory note claim.

BUCHANAN and MILLER, JJ., concur.