**Cynthia Jane COOPER, Appellant–Petitioner,**

v.

**Forest COOPER, Appellee–Respondent.**

**No. 10A04–9912–CV–575.**

Court of Appeals of Indiana.

June 20, 2000.

S. Frank Mattox, Derrick H. Wilson, Mattox, Mattox & Wilson, New Albany, Indiana, Attorneys for Appellant.

John W. Doehrman, Jeffersonville, Indiana, Attorney for Appellee.

## OPINION

BAILEY, Judge

### Case Summary

Cynthia Cooper ("Cynthia") appeals from the decree of dissolution of her marriage to Forest Cooper, Jr. ("Forest"), wherein the trial court determined that a portion of real estate acquired by Forest during the parties' marriage was a gift, and as a result, set aside that portion to Forest. We affirm in part, reverse in part, and remand.

### Issues

Cynthia raises three issues for our review, which we restate as follows:

I. Whether the trial court erred by concluding that a portion of real estate was a gift to Forest from his mother, and assigning the value of the gift to Forest.

II. Whether the trial court erred by finding that the real estate did not appreciate in value following the transfer to Forest.

III. Whether the trial court erred by ordering Cynthia to pay to Forest one-half of real estate taxes, and then crediting Forest for the entire payment of those taxes.

### Facts and Procedural History[1]

Forest and Cynthia were married in 1982. In 1990, Forest's mother, Virginia

---

1. Oral argument was held on Tuesday, May, 9, 2000, at Jasper High School in Jasper, Indiana.

Cooper ("Virginia") transferred a 300 acre parcel of land to Forest by warranty deed. Virginia and her husband had purchased the land for $550,000 in 1980. In exchange for the deed, Forest executed a mortgage and note in the amount of $300,000. Forest testified in a deposition that the $300,000 purchase price was acceptable to both him and Virginia, and that it was the value of the land. At the dissolution hearing, Forest testified that the 300 acres was given to him as a gift in 1990, but that he had agreed to pay Virginia $300,000 for the land. Virginia testified that the 300 acres was worth between $650,000 and $700,000 in 1990, and that she intended to give Forest the value of the land in excess of his $300,000 payment as a gift. Forest's appraiser, Richard Crum ("Crum"), testified that the 300 acres was worth between $500,000 and $600,000 at the time of the 1990 transfer to Forest. Both Forest and Cynthia had their real estate appraised prior to the dissolution hearing. The parties averaged those two appraisals and stipulated that the average was the value of the various parcels of land. As a result, the value of the 300 acres was determined to be $712,500 at the time of the dissolution. Crum also testified that he was comfortable with the stipulated present day value of $712,500 for the 300 acres.

The trial court entered findings of fact and conclusions of law. The court found that Virginia testified that the value of the 300 acres in 1990 was between $650,000 and $700,000, and that the value of the 300 acres in excess of $300,000 was intended as a gift from Virginia to Forest. In addition, the trial court found that the land had appreciated very little, if any, during the time Forest owned it prior to the parties' dissolution. As a result, the trial court subtracted the $300,000 purchase price from the stipulated value of the land at the time of the dissolution, and set aside $412,500 to Forest. The trial court also found that Forest had paid real estate taxes for 1998 in the amount of $4,666, and that

Cynthia owed Forest half of that amount. In a subsequent order dividing crop proceeds, the trial court credited Forest with $4,666 as a result of his payment of the real estate taxes. Cynthia filed a motion to correct error, which was deemed denied after 45 days. Ind. Trial Rule 53.3. Cynthia now brings this appeal from the dissolution decree.

## Discussion and Decision

### Standard of Review

■ At Cynthia's request, the trial court issued findings of fact and conclusions of law. Where a trial court has made special findings pursuant to a party's request under Indiana Trial Rule 52(A), the reviewing court may affirm the judgment on any legal theory supported by the findings. *Mitchell v. Mitchell*, 695 N.E.2d 920, 923 (Ind.1998). In reviewing the judgment, we must first determine whether the evidence supports the findings, and second, whether the findings support the judgment. *Ahuja v. Lynco Ltd. Medical Research*, 675 N.E.2d 704, 707 (Ind.Ct. App.1996). The judgment will be reversed only when clearly erroneous. *DeHaan v. DeHaan*, 572 N.E.2d 1315, 1320 (Ind.Ct. App.1991). Findings of fact are clearly erroneous when the record lacks any reasonable inferences from the evidence to support them. *Id.* To determine whether the findings or judgment are clearly erroneous, we consider only the evidence favorable to the judgment and all reasonable inferences flowing therefrom, and we will not reweigh the evidence or assess witness credibility. *Id.*

### I. Gift

Cynthia contends that the trial court erred by concluding that a portion of the value of the 300 acres was a gift from Virginia to Forest, and as a result, assigning the value of the gift to Forest. The division of marital property is governed by Indiana Code section 31–15–7–5, which provides:

The court shall presume that an equal division of the marital property between the parties is just and reasonable. However, this presumption may be rebutted by a party who presents relevant evidence, including evidence concerning the following factors, that an equal division would not be just and reasonable:

. . .

(2) The extent to which the property was acquired by each spouse:

. . .

(B) through inheritance or gift.

Cynthia contends that Forest did not present sufficient evidence that a portion of the land was a gift to him. Specifically, Cynthia argues that all terms of the transfer of the land were embodied in the deed, mortgage and note executed by Forest and Virginia in 1990, none of which indicated that a portion of the value of the land was a gift. Further, Cynthia argues that the only evidence supporting a gift was parol evidence, which she argues the trial court should not have considered.

### A. Written Conveyance of Land

The transaction involving the land in question was evidenced by a deed, mortgage and note, all of which described the 300 acres being conveyed. The note states that, in exchange for the described land, Forest promises to pay to Virginia the principal sum of $300,000. The mortgage states that it is given to secure the payment of the note in the amount of $300,-000. Finally, the warranty deed states that, "for and in consideration of the sum of $1.00 and other good and valuable considerations," Virginia conveys and warrants to Forest 300 acres of land. (R. 231.) Cynthia argues that these documents evidence a sale of the entire 300 acres for $300,000. Thus, she argues, there was no remaining land to be gifted following the sale, and any such gift is illusory. We disagree.

Although the writings establish that Forest was to pay Virginia $300,000 for the land, they do not set forth the value of the land at the time of the transaction, nor do they mention that a portion of the undisclosed value is a gift to Forest. However, both Forest and Virginia testified that the land's value in 1990 was much more than the $300,000 purchase price, and that Virginia intended the value of the land in excess of $300,000 to be a gift to Forest. Cynthia contends that the trial court erred by relying on this parol evidence of a gift submitted by Forest and Virginia.

### B. Parol Evidence

The parol evidence rule provides that extrinsic evidence is inadmissible to add to, vary, or explain the terms of a written instrument if the terms of the instrument are clear and unambiguous. *Hauck v. Second Nat'l Bank of Richmond,* 153 Ind.App. 245, 286 N.E.2d 852, 861 (1972). Cynthia argues that the terms of the written agreement between Forest and Virginia unambiguously evidence a sale, and thus, parol evidence of a gift was inadmissible. In support of her argument, Cynthia relies on *Hall v. Hall,* 116 Idaho 483, 777 P.2d 255 (1989). In *Hall,* a husband and wife purchased a ranch from the husband's grandparents for $60,000. The deed conveyed the land to both husband and wife "For Value Received[.]" During the dissolution proceedings, however, the husband's grandmother testified that the land was worth $100,000 at the time of the conveyance, and that the value in excess of the purchase price was intended as a gift to the husband alone. *Id.* at 256. The trial court considered this testimony, over the wife's objection, and set aside the value of the property in excess of the purchase price to the husband, while dividing the remainder of the value of the property evenly between the parties. *Id.* On appeal, the Idaho Supreme Court stated that the language of the deed was plain and unambiguous, and therefore, parol evidence was inadmissible to contradict the

deed "by attempting to show the transfer was in part a 'gift' rather than 'for value.'" *Id.*

The facts of *Hall* are similar to the case before us except for one significant distinction. In *Hall,* the property was deeded to *both* the husband and the wife. Here, only Forest and his mother were parties to the agreement; Cynthia's name is not on the deed, the mortgage or the note. Thus, in contrast to the wife in *Hall,* Cynthia was not a party to the written agreement at issue here. As a result, Forest argues that Cynthia cannot invoke the parol evidence rule to support her challenge to the trial court's order.

Our supreme court has stated, "The relations between two persons who have contracted in writing may be brought in issue collaterally in a suit between others. In such a case the parol evidence rule does not apply. The facts may be proved as they exist, regardless of the oral evidence varying the terms of any writing between the parties." *White v. Woods,* 183 Ind. 500, 109 N.E. 761, 763 (1915) (quoting McKelvey on Evidence, § 280; Greenleaf, Evidence, § 279). Thus, the inadmissibility of parol evidence to vary the terms of a written instrument does not apply to a controversy between a third party and one of the parties to the instrument. *Id. See also Nelson v. United Fire Insurance Co. of New York,* 275 S.C. 92, 267 S.E.2d 604, 606 (1980).

Nevertheless, Cynthia claims that, as Forest's wife at the time of the land transaction, she had an interest in the agreement between Virginia and Forest, and was a privy to Forest. We disagree. Husbands and wives have equal rights to enter into contracts and hold property, separate and apart from their spouses. *See Bartrom v. Adjustment Bureau, Inc.,* 618 N.E.2d 1, 10 n. 5 (Ind.1993) (recognizing that married women have the right to make contracts that are not binding on their husbands). Such is the case here.

Forest and Virginia entered into a contract to which Cynthia was not a party. Therefore, only Forest and Virginia are bound by the terms of that contract, and the parol evidence rule prohibits them from varying the terms in a suit against each other. However, as this action is not between the parties to the contract, the parol evidence rule does not apply.

### C. Analysis

The transfer of the 300 acres from Virginia to Forest was evidenced by a writing. Although that writing set forth the purchase price of $300,000, it was silent as to the value of the land at the time of the transfer. Both Forest and Virginia testified as to the value of the 300 acres in 1990, and their intent that the value of the land in excess of $300,000 was to be a gift to Forest. As Cynthia was not a party to the contract, she cannot raise the parol evidence rule in support of her argument that the trial court should not have considered Virginia's and Forest's testimony as to the value and the nature of the transfer of the 300 acres. Thus, we hold that oral testimony of value was not erroneously considered. Furthermore, based on Virginia's testimony that the value of the 300 acres in excess of $300,000 was intended to be a gift to Forest, we hold that the deed encompassed both a sale and a gift of the 300 acres. Therefore, the trial court's disposition of the 300 acres is supported by the court's findings, and is not clearly erroneous.

### II. Appreciation

Cynthia contends that the trial court's finding that the 300 acres did not appreciate in value from 1990 to the time of the dissolution was clearly erroneous, and as a result, the trial court's assignment of the value of the 300 acres in excess of $300,000 to Forest was erroneous. We agree.

### A. Evidence as to Value of 300 Acres

In a deposition taken prior to the dissolution hearing, Forest testified that the

300 acres was worth $300,000 at the time he purchased the land from Virginia in 1990. At the dissolution hearing, Virginia testified that she believed the 300 acres was worth between $650,000 and $700,000 when she transferred it to Forest in 1990. Crum, a professional appraiser, testified that the fair market value of the 300 acres was between $500,000 and $600,000 in 1990. (R. 327–28.) Crum further stated that the value of farmland in the area had not increased much between 1980 when Virginia and her husband purchased the 300 acres for $550,000, and 1990 when Virginia transferred it to Forest for $300,000. At the time of the dissolution, Crum appraised the 300 acres at $680,000, but he testified that he was comfortable with the parties' stipulated value of $712,500.

### B. Analysis

The trial court found that the 300 acres had not appreciated in value during the time Forest owned it prior to the parties' dissolution. As a result of that finding, the trial court awarded Forest and Cynthia each one-half of the $300,000 purchase price of the property, and set aside the remainder of the value of the land, $412,500, to Forest. However, the evidence reveals that the 300 acres did appreciate in value between 1990 and the time of the dissolution. Specifically, the professional appraiser testified that the land was worth between $500,000 and $600,000 in 1990, and he did not dispute the stipulated value of $712,500 at the time of the dissolution. Further, Virginia testified that the value of the land in 1990 was between $650,000 and $700,000. Thus, contrary to the trial court's finding, the evidence reveals that the 300 acres did appreciate in value between 1990 and the time of the dissolution.[2] Therefore, we hold that the trial court's finding of no appreciation is clearly erroneous, and we remand with instructions for the trial court to determine the value of the land at the time of the transfer in 1990, in accordance with the evidence. The difference between the 1990 value and the $300,000 purchase price represents the amount of the gift to Forest and may be assigned to him, as established above. However, the trial court should then divide the appreciation, namely the difference between the $712,500 stipulated value and the value of the land in 1990, between Forest and Cynthia in accordance with Indiana Code section 31–15–7–5.

### III. Real Estate Taxes

In its dissolution decree, the trial court found that Forest had paid 1998 real estate taxes in the amount of $4,666. As a result, the trial court concluded that Cynthia should pay Forest the sum of $2,333 as reimbursement for one-half of the real estate taxes. In a subsequent order, dividing the proceeds from crops harvested in 1997, the trial court credited Forest $4,666 for his payment of 1998 real estate taxes. Cynthia argues, and Forest agrees, that the trial court erred by crediting Forest twice with regard to his payment of real estate taxes. Therefore, we remand with instructions for the trial court to delete the credit to Forest from its subsequent order dividing crop proceeds, and to divide that amount accordingly.

Affirmed in part, reversed in part, and remanded.

BAKER, J., and NAJAM, J., concur.

---

**2.** Based on Virginia's and Crum's testimony, the appreciation in the value of the 300 acres was at least $12,500 and at most $212,500.