UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 20, 2006[*]
Decided December 22, 2006

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

No. 06-2782

| | |
|---|---|
| PETER BROWN, | Appeal from the United States |
| *Plaintiff-Appellant,* | District Court for the Southern |
| | District of Indiana, Indianapolis |
| *v.* | Division |
| | |
| UNITED STATES OF AMERICA, | No. 05 C 1445 |
| *Defendant-Appellee.* | |
| | David F. Hamilton |
| | *Judge.* |

**O R D E R**

Peter Brown sued the United States for the return of a car impounded at the time of his arrest, or in the alternative, the fair market value of the car. Brown was arrested on October 22, 2003, after violating his parole and evading police for more than three years. He was arrested by the United States Marshals Service Fugitive Task Force with the assistance of local police. At the time of his arrest, he was in

---

[*] After examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. Fed. R. App. P. 34(a)(2).

possession of a 1996 Chevrolet Impala.  The vehicle was officially titled to Chris Freeman, an alias used by Brown, but Brown had actually sold the vehicle to his wife three weeks earlier, on October 1.  She registered her title to the car on October 30.

When Brown was arrested, local police impounded the car at the request of the marshals.  It was held by a towing service until the police could determine that it was not stolen and did not serve any investigative purpose.  The Bureau of Motor Vehicles sent notices to reclaim the car to the addresses on record for Brown's alias, Chris Freeman (to whom the license plate was registered), and Brown's wife (the record owner of the car).  When the Bureau received no response to its mailings, it sold the car at auction.

Brown filed a motion in his criminal case under Federal Rule of Criminal Procedure 41(g), asking for the return of the car or, alternatively, for its fair market value at the time of impoundment.  The district court construed the motion as a new civil suit.  It subsequently granted the United States' motion for summary judgment because the United States did not possess the vehicle, and because sovereign immunity bars any monetary recovery of the value of the vehicle.  The district court also ruled that Brown was not the owner of the car.

On appeal, Brown argues that the district court erred when it did not find that the United States had a duty to send notification of the car's sale to the house where the marshals arrested Brown.  He also argues the court erred in denying him a monetary recovery of the value of the car and in finding that he had no property interest in the car.

Brown has not raised a genuine issue of material fact as to his property interest in the car.  He admits selling the car to his wife, and it is titled in her name only.  He asserts a general property interest in the car by virtue of marriage to its record owner, but under Indiana law marriage alone does not give either spouse an automatic interest in everything owned by the other.  *Whitlock v. Pub. Serv. Co. of Ind.*, 159 N.E.2d 280, 284 (Ind. 1959); *Cooper v. Cooper*, 730 N.E.2d 212, 216 (Ind. Ct. App. 2000).  Indiana law permits husbands and wives to contract with one another as Brown and his wife did here, *Shanteau v. Shanteau*, 510 N.E.2d 701, 702 (Ind. Ct. App. 1987), and to hold property separate and apart from their spouse, *Whitlock*, 159 N.E.2d at 284; *Cooper,* 730 N.E.2d at 216.  Brown offers no countervailing evidence to show he has any interest in the car or any entitlement to it.

AFFIRMED.