## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 07 2018, 7:25 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Leanna Weissman
Lawrenceburg, Indiana

ATTORNEY FOR APPELLEE

Robert G. Gulde
Clarkson & Gulde, P.C.
Rushville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Arnold E. Bulmer,
*Appellant-Respondent,*

v.

Pamela K. Bulmer,
*Appellee-Petitioner.*

August 7, 2018

Court of Appeals Case No.
18A-DR-55

Appeal from the Fayette Circuit Court

The Honorable Hubert Branstetter, Judge

Trial Court Cause No.
21C01-1508-DR-538

**Mathias, Judge.**

[1] Arnold Bulmer's ("Husband") and Pamela Bulmer's ("Wife") marriage was dissolved in the Fayette Circuit Court. Husband appeals the trial court's final order on division of marital property and debts and raises two issues, which we restate as:

I. Whether the trial court erred when it denied Husband's motion for continuance; and

II. Whether the trial court abused its discretion when it divided Husband's family's farm equally between the parties.

We affirm.

## Facts and Procedural History

Husband and Wife were married on December 22, 1979. They lived in a house located on 143 acres of farmland in Franklin County, Indiana (the "Farm") for the entirety of their marriage. Husband's father, Harold Bulmer ("Harold"), owned the Farm until April 18, 2005, when he conveyed the 143-acre parcel by warranty deed to Husband. Since the beginning of their marriage, Husband and Wife lived on the Farm rent free, and Harold paid all of the expenses.

On August 26, 2015, Wife filed a petition for dissolution of marriage. After several continuances, a final dissolution hearing was held on June 5, 2017, where Wife appeared with counsel and Husband appeared *pro se*. During the hearing Husband was called as a witness, at which point he asked the court if he could "have a lawyer present." Supp. Tr. p. 15. The court informed Husband that he "had a lawyer before and [his] lawyer withdrew from the case." *Id*. Husband testified that he was unaware that counsel withdrew, and he thought

she would be at the hearing. *Id*.[1] Wife's counsel objected stating that "[Husband's counsel] has been unable to contact client by mail or phone for at least four months despite numerous attempts to do so including two letters[.]" *Id*. at 16. Husband responded, "I haven't had a phone[,] but I have not received anything through the mail whatsoever. I mean, nothing." *Id*. The court asked how Husband knew to appear at the hearing, and Husband stated he received an order for pre-trial conference from Wife's counsel. *Id*. at 17. Wife's counsel pointed out the inconsistencies of Husbands testimony, specifically, that the address Husband received the order for the pre-trial conference is the same address to which Husband's counsel mailed the letters. *Id*. at 16–17.

[4] The trial court asked Husband if he was "asking for a continuance to hire counsel." *Id*. at 15. He answered in the affirmative, and Wife's counsel objected and requested that the court settle the dissolution of the marriage and bifurcate the issue of property.[2] In response, the following conversation took place:

> [Trial Court]: Looks like you had an attorney for a good while. She asked to get out because she wasn't hearing back from you. Half way through the hearing [ . . . ], with this amount of assets at stake I'm going to go ahead and

---

[1]Husband's counsel filed an appearance on June 29, 2016. She then mailed letters to Husband on January 9, 2017 and February 6, 2017, attempting to contact Husband. The letters stated that she needed to speak with Husband in order to properly assist him with his case. *See* Appellee's App. p. 7–8. Counsel's letters also notified Husband of her intent to withdraw if he failed to respond by February 21, 2017. *See id*. at 8. Husband did not respond, and counsel filed a motion to withdraw on March 31, 2017. The court granted the motion on April 3, 2017. *Id*. at 9.

[2] The primary property at issue in this case is the Farm, as it appears to be the only significant marital asset.

|  |  |
|---|---|
|  | grant your continuance, give you an opportunity to get counsel but I'm going to advise you, that needs to happen promptly and you need to stay in contact with them because when this gets reset, you come back in and you don't have counsel we're going to go forward with this. Do you understand that? |
| [Husband]: | Okay. |
| [Trial Court]: | So, you need to get an attorney if that's what you're wanting to do and you need to stay in contact with them and you need to get them hired quickly because this is going to get reset. This has been going on for two years now, okay. And it looks like you've failed to cooperate, a couple matters that probably have contributed to this going on, this amount of time and the Court won't appreciate it if you come back in here without an attorney ready to go next time. |
| [Husband]: | I'll have one sir. |
| [Trial Court]: | Okay. We'll see that as a stall tactic on your behalf. Do you understand that? You understand that you need to get an attorney right away? |
| [Husband]: | I promise I'll have one sir. |

Supp. Tr. pp. 17–18.

[5] Prior to Husband's motion for continuance, the court planned to address both the dissolution of marriage and the marital property issues during the June 5 hearing, but after bifurcating the issues, the court proceeded with the hearing only on the dissolution of marriage. Wife testified that she believed her marriage was irretrievably broken, and she also testified regarding property and debt-related issues. *See* Supp. Tr. pp. 5, 6–14. The trial court then set the hearing on the division of property for July 5, 2017.

[6] On June 12, 2017, the trial court issued its order dissolving the marriage of Husband and Wife, and in its order, the trial court noted:

> 6. Husband must have counsel hired for this [July 5] hearing date.

Appellee's App. p. 10. After several delays, the final hearing relating to the division of property was held on November 29, 2017.[3]

[7] At the November 29 hearing, Husband informed the court that he was unable to obtain counsel because he had "been incarcerated for the last thirteen days and [he] didn't have quite enough time to [] get my money together for my

---

[3] The court rescheduled the July 5 hearing to August 28, 2017, which it then continued to October 10, 2017. At that time, since Husband was incarcerated and unable to be transported from Franklin County Jail, the court continued the hearing to November 6, 2017. Wife then filed a motion for continuance on October 16, 2017, which the court granted the same day. The final hearing was then rescheduled to November 29, 2017. *See* Appellant's App. pp. 4–7.

lawyer." Supp. Tr. p. 22.[4] Husband testified that he still intended to hire counsel, but Wife's counsel objected to "any further postponement of th[e] hearing." *Id.* The court noted that "this [case] has been pending since [] well over two years now. [Husband] had an attorney. The attorney withdrew citing his lack of cooperation. He's been given [] multiple continuances to hire an attorney that still hasn't happened so [] Court's ready to proceed [] in this matter." *Id.* at 23. Husband proceeded *pro se*.

[8] During the hearing, Husband testified that Wife has "got pretty much everything she asked for." *Id.* at 25. Husband informed the court that "this farm has been in [his] family for eighty-five years, since 1932," and "[he's] the fourth generation on this farm and [] [he] want[s] to continue to be in the Bulmer name because [he] want[s] to pass this onto [his] two sons[.]" *Id.* Husband explained that the Farm was a gathering place for multiple family holidays and vacations. *Id.* at 25–26. He also testified that he has lived on the Farm his entire life and that Harold has paid for everything, including the taxes on the property and the residence he and his Wife have lived in. Husband further asserted that for the last ten years his Wife "laid drunk in the back room every day and [], [he] had a septic business and [], she was supposed to come be a secretary and answer the phone and that never even got done because she laying there drunk[.]" *Id.* at 28. He then begged the court to not "split this family tradition

---

[4] Although the record indicates Husband was incarcerated for some period of time, he was not incarcerated for the entire duration of time between the June 5 hearing and the November 29 hearing.

and this history of this farm up," and also testified that the Farm was a gift from his father, and his Wife had no right to any interest in the property. *Id.*

[9] Wife's counsel further asked the court to recall Wife's testimony from the June 5 hearing that she "put her blood, sweat and tears into [the] [F]arm just as [Husband] did," and "[s]he worked on the [F]arm, she was out there with [Husband] every day." Supp. Tr. p. 30. During closing arguments, Wife's counsel stated that Husband and Wife for "their entire marriage [] lived on the property so she has just as much invested interest in this farm has he does [], because it came to them during the marriage so we believe the Court must, based on Indiana law, include it in the marital pot[.]" *Id.* at 30.

[10] The trial court took the matter under advisement and on December 15, 2017, it issued its final order on division of marital property and debts finding in relevant part that:

> 7. During the pendency of this case, an appraisal was conducted of said property and said property was appraised for the total amount of $610,700.00.
>
> 8. Wife had to pay the total cost of the appraisal in the amount of $750.00 even though this Court had previously ordered the parties to equally share that expense.
>
> ***
>
> 10. The Court finds that the marital property that is subject to division by this court shall include the residence and farm ground located 12088 Buena Vista Road, Rushville, Indiana, 46173, and

that Wife shall be awarded one-half (1/2) of the value of said house and farm.

11. The Court hereby grants a judgment to Wife in the amount of $305,350.00 and said judgment shall attach as a lien to the property located at 12088 Buena Vista Road, Rushville Indiana, 46173[ . . . ] Said judgment shall not be interest-bearing so long as Harold Bulmer is living.

12. The Court further finds that although Harold Bulmer has retained a life estate in the property, that said property is a marital asset subject to division which is consistent with the authority found in *Moyars v. Moyars*, 717 N.E.2d [9]76 (Ind. Ct. App. 1999) and *Falatovics v. Falatovics*, 15 N.E.3d 108 (Ind. Ct. App. 2014).

13. In addition, the aforementioned judgment shall include one-half (1/2) of Husband's portion of the appraisal fees in the amount of $375.00 and lawyer fees in the amount of $1,100.00 payable to Clarkson & Gulde, P.C. for a total judgment in favor of Wife of $306,825.00. All of said judgment shall attach to said property as described herein.

Appellant's App. pp. 9–10. Husband now appeals.

## I. Denial of Continuance

Husband first argues that the trial court erred when it denied his motion for continuance at the November 29 hearing. The decision to grant or deny a motion for continuance rests within the sound discretion of the trial court. *Troyer v. Troyer*, 867 N.E.2d 216, 219 (Ind. Ct. App. 2007) (citing *Thompson v. Thompson*, 811 N.E.2d 888, 907 (Ind. Ct. App. 2004), *trans. denied*). An abuse of

discretion may be found when the moving party has shown good cause for granting the motion. *Id*. However, when the moving party is unable to demonstrate that he or she has been prejudiced by the denial, we will not find an abuse of discretion. *Id*. The withdrawal of an attorney does not automatically entitle a party to a continuance. *Id*.

[12] Here, Husband specifically argues that the trial court erred by denying his motion to continue because he was "forced to litigate his divorce case without the benefit of counsel." Appellant's Br. at 10. We initially note that Husband had counsel at the onset of the dissolution proceedings. However, counsel withdrew in March 2017 because Husband repeatedly failed to respond to letters which stated, in part, that "[t]here are important matters related to your case that need your immediate attention[,]" "I cannot continue to represent you if I have no means of communicating with you[,]" and "[i]f the court allows me to withdraw, you would need to proceed in finalizing your divorce case without an attorney or would need to hire a different attorney to represent you." Appellee's App. pp. 7–8.

[13] Moreover, the trial court granted Husband's motion for continuance at the June 5 hearing, and informed Husband that he needed to obtain counsel promptly. The trial court also informed Husband that if he "[came] back in and [he didn't]

have counsel" the court would move forward with the proceedings. Supp. Tr. p. 17. And this is exactly what the trial court did on November 29.[5]

[14] Husband was fully aware that he needed counsel, he has not demonstrated good cause for continuance, he was not prejudiced by the denial of his motion for continuance, and he repeatedly caused unnecessary delays. Therefore, the trial court did not abuse its discretion when it denied Husband's motion for continuance.

## II. Division of Marital Property

[15] Husband also contends that the trial court abused its discretion when it determined that equal division of the Farm was justified. "It is well settled that in a dissolution action, all marital property goes into the marital pot for division, whether it was owned by either spouse before the marriage, acquired by either spouse after the marriage and before final separation of the parties, or acquired by their joint efforts." *Falatovics v. Falatovics*, 15 N.E.3d 108, 110 (Ind. Ct. App. 2014), *trans. denied*; *see also* Ind. Code § 31-15-7-4(a). For purposes of dissolution, property means "*all* the assets of either party or both parties." Ind. Code § 31-9-2-98(b) (emphasis added). While the trial court may decide to award a particular asset solely to one spouse as a part of its just and reasonable property division, it must first include the asset in its consideration of the

---

[5] Husband cites to four cases in support of his argument, but the circumstances in those cases are easily distinguishable from those present in this case.

marital estate to be divided. *Hill v. Hill*, 863 N.E.2d 456, 460 (Ind. Ct. App. 2007). The systematic exclusion of any marital asset from the marital pot is erroneous. *Wilson v. Wilson*, 409 N.E.2d 1169, 1173 (Ind. Ct. App. 1980).

[16] Husband asserts that the circumstances present here rebut the presumption of equal division of marital property established in Indiana Code section 31-15-7-5, which states in relevant part:

> The court shall presume that an equal division of the marital property between the parties is just and reasonable. However, this presumption may be rebutted by a party who presents relevant evidence, including evidence concerning the following factors:
>
> > (1) The contribution of each spouse to the acquisition of the property, regardless of whether the contribution was income producing.
> >
> > (2) The extent to which the property was acquired by each spouse:
> >
> > > (A)    Before the marriage; or
> > >
> > > (B)    Through inheritance or gift.

[17] In Husband's view, Wife should not receive a one-half interest in the farm because: (1) his interest in the property is a remainder interest that was a gift

from his father;[6] (2) Wife has not contributed to the maintenance of the Farm; and (3) Wife does not have an emotional connection to the Farm. *See* Appellant's Br. at 15–16.[7] However, as noted above, the Farm was conveyed while Husband and Wife were married, neither party has paid for the land, and they have lived on the property for the entirety of their marriage, including the ten-year period after its conveyance to Husband until the parties divorced. Husband also argues that Wife should not be entitled to any interest in the Farm because the deed from Harold conveyed the parcel of land solely to Husband.[8] However, the property was conveyed to Husband while Husband and Wife were married. Moreover, they both lived on the Farm rent free for the entirety of their marriage. Therefore, the trial court properly divided the Farm equally between both parties.

---

[6] The fact that Harold retains a life estate interest in the Farm does exclude the Farm from being included in the marital pot and subject to equal division. *Moyars v. Moyars*, 717 N.E.2d 976, 979 (Ind. Ct. App. 1999). Husband's remainder interest in the Farm represents a pecuniary interest. *Poulson v. Poulson*, 691 N.E.2d 504, 506 (Ind. Ct. App. 1998). Thus, although husband asserts that "he may now have to sell the [Farm] which has been in his family for generations," Appellant's Br. at 14, he has the ability to obtain a mortgage on the property to satisfy his obligation to Wife and keep the Farm in the family.

[7] Husband asserts that this case is similar to *Newby v. Newby*, 734 N.E.2d 663 (Ind. Ct. App. 2000). We disagree. In that case, the trial court found that an equal division would be unjust because the property was acquired before the marriage. *Id.* at 666. The property had appreciated throughout the marriage, and the trial court found that "Wife and Husband should equally share in that appreciation." *Id.* However, the trial court "reduced Wife's one-half share by the amount it determined to constitute dissipation of marital assets." *Id.* On appeal, we affirmed the trial court's decision to reduce Wife's one-half share. *Id.* at 671. Here, Wife has not dissipated any assets or damaged any property.

[8] Husband cites to *Cooper v. Cooper*, 730 N.E.2d 212 (Ind. Ct. App. 2000), to support his assertion that because the Farm was a gift, it should not be included in the marital pot. However, in *Cooper*, husband paid $300,000 to his mother for the land, and the value of the land in excess of $300,000 was considered the gift. *Id.* at 214. Here, Husband has not paid anything to Harold for the Farm, and he is not entitled to an unequal interest in the Farm. Thus, Husbands citation to *Cooper* is unavailing.

[18] Husband cites to *In re Marriage of Coomer*, 622 N.E.2d 1315, 1320 (Ind. Ct. App. 1993), to support his assertion that the presumption of equal division is rebutted. In that case, the wife demonstrated that husband's conduct during the marriage put her in a situation where her standard of living after the marriage would have been lessened. *Id*. She "offered evidence showing the cost of her medical care at the time of the dissolution and anticipated future expenditures necessitated by the husband's conduct during the marriage." *Id*. at 1319. The trial court held that "an unequal division should be effected in favor of the wife in part because the wife's health had been impaired as a consequence of years of physical abuse from the husband." *Id*. On appeal, a panel of this court concluded that "[t]here is no evidence in this cause nor any finding by the trial court in its judgment that the wife was physically or mentally incapacitated to the extent that her ability to support herself was materially affected." *Id*. at 1321. We then reversed and remanded with "instructions that the trial court reconsider the property distribution upon the evidence presented[.]" *Id*.

[19] Here, the only evidence that was presented regarding the statutory factors are the testimonies of Husband and Wife. Husband testified that the Farm has been in his family for four generations, and he has alleged that Wife did not contribute to the maintenance of the land. Wife testified that she "put her blood, sweat and tears into [the] [F]arm just as [Husband] did" and "she worked on the [F]arm, she was out there with [Husband] every day." Supp. Tr. p. 30.

It is clear from the trial court's decision that it found Wife's testimony to be more credible than the testimony of Husband, and the evidence Husband presented is insufficient to rebut the presumption of the equal division of marital assets. *See Wanner v. Hutchcroft*, 888 N.E.2d 260, 263 (Ind. Ct. App. 2008) (concluding unequal division inappropriate where "[Husband] did not offer documentary exhibits or other evidence" but "merely requested that the trial court set aside to him the entire current value of the marital residence[.]"). And although the trial court here did not address every statutory factor under Section 31-15-7-5 in its findings, it had no requirement to do so. On appeal, we presume that the trial court did take each factor into account when making its decision. *See Priore v. Priore*, 65 N.E.3d 1065, 1078 (Ind. Ct. App. 2016), *trans. denied*.

Bulmer's arguments are simply an invitation for us to reweigh the evidence and come to a conclusion contrary to the trial court's decision. This we will not do. Therefore, the trial court did not abuse its discretion when it awarded Wife one-half of the value of the Farm.

## Conclusion

Based on the facts and circumstances before us, the trial court did not abuse its discretion when it denied Husband's motion for continuance, and it did not abuse its discretion when it awarded Wife one-half of the value of the Farm. Accordingly, we affirm.

Riley, J., and May, J., concur.